## BARKER v. KROGER GROCERY & BAKING CO.

### No. 6893.

Circuit Court of Appeals, Seventh Circuit.

Nov. 21, 1939.

Wayne Ely, of St. Louis, Mo. (Leahy, Walther, Hecker & Ely, of St. Louis, Mo., of counsel), for appellant.

Charles H. Thompson and George B. Lee, both of Harrisburg, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from a judgment in favor of the plaintiff in an action for the recovery of damages alleged to have been caused by the negligence of appellant.

The complaint alleged in substance the following facts: Before the injury complained of, appellant owned and operated a grocery store in a rented building located at the corner of Main and Locust Streets, in Harrisburg, Illinois. There was a cement public sidewalk along the south side of West Locust Street immediately north of appellant's store which continued west and adjacent to appellant's premises. Before the acts here complained of, this sidewalk was of proper construction, heighth and width, and was kept and maintained at all times in proper condition for pedestrians.

Prior to the injury here involved, there had been constructed a driveway at the rear of the building here involved across the sidewalk leading to the rear of the premises. It was used by appellant to drive its large trucks across the sidewalk for the purpose of loading and unloading them at the platform in the rear of its premises.

In the construction of this driveway, about eight feet of the sidewalk had been removed and the grade thereof was lowered about nine inches from the sidewalk level as originally constructed, thereby causing a dangerous hazard to pedestrians using the sidewalk. Appellant knew of this condition and allowed and permitted it to remain during and prior to the time of the injury. In using this driveway, it also negligently drove its heavy trucks across the ends of the cement sidewalk adjacent the crossing, thus causing the cement on both sides of the crossing to become broken and cracked, thereby causing the driveway and its approaches on the sidewalk to be in a rough, broken and unsafe condition. There was no street light or other illumination at that place.

Appellee further alleged that it was the duty of the appellant not to allow this condition to continue and it was its further duty not to cause additional damage to the sidewalk and driveway by breaking and cracking it, thereby causing it to be rough and uneven.

As a result of this negligence and the unlawful acts of appellant, appellee, on the night of October 16, 1937, while walking on and along this sidewalk, exercising ordinary care and without fault on her part, but because of the alleged negligent acts of the appellant, fell into the lowered grade of the crossing and thereby sustained the injury complained of.

Appellant denied generally and specifically the allegations of the complaint and alleged contributory negligence on the part of the appellee. The jury returned a verdict for appellee and judgment was rendered in accordance with that verdict. From it this appeal is prosecuted.

The questions here presented are quite narrowed in their scope, and in their determination it is not necessary to give an extended recital of the evidence. There is substantial evidence to support the following facts: Occupancy of this building by appellant began in June 1929. The actual crossing here involved was about six feet in width and was constructed before appellant occupied or had anything to do with these premises, and had been used by others for quite some time before appellant's occupancy began. It was not a public alleyway but it was used more or less by others for the purpose of delivering articles to and taking them from the other buildings which abutted on this private ground. This use by

532

others was continued after appellant began its occupancy. On account of the narrow width of the crossing, the trucks using it had also driven over the cement sidewalk on both sides of the crossing and had cracked and broken these adjacent pavements for a distance of about four feet on both sides of the crossing, and some of this damage to the sidewalk had occurred long before appellant's occupancy. When appellant first entered its tenancy it began and continued to use this crossing extensively in the same manner as it had been used by others prior to that time. The trucks which it used were quite large and most of them were of the tractor-trailer type, and it was impossible to back them in to the delivery platform without running over the cement sidewalk adjacent to both sides of the narrow crossing. The evidence discloses that appellant's trucks at these times cracked and broke the pavement, although the exact places of damage by appellant's trucks were not pointed out by the witnesses. During the time of appellant's use of the crossing other trucks as large as appellant's, and some smaller, had used the crossing and had caused some of the damage to the sidewalk, but of course it was impossible to say what particular cracks or holes in the pavement had been caused by the different trucks.

■ Without discussing at length the evidence in this cause, it is sufficient to say that there was substantial evidence to warrant the jury in finding that appellee was not guilty of contributory negligence and that as a proximate result of the defects in the sidewalk, above described, she actually sustained the damages complained of. It may further be said that appellant owed no duty to appellee to keep the sidewalk in repair, for the repair of public streets and sidewalks is peculiarly within the province of the city authorities. However, it owed her the negative duty not to negligently use the sidewalk here in question in such manner as to cause her injury to which she did not materially contribute. Likewise, it was not appellant's duty to maintain a light at this particular place, and the court so instructed the jury, but if it had negligently created a dangerous place on the sidewalk, the fact that there was no light there, while the dangerous place existed, was a circumstance which the jury might consider, together with all the circumstances of the case, in determining whether or not appellant was guilty of negligence in permitting the continuance of the dangerous condition which it had negligently caused.

■ The evidence discloses that it was dark when the accident occurred, and that appellee was injured by stepping into some hole or crack in the cement part of the sidewalk, and was thereby caused to fall into the crossing. It is obvious that her injury was caused by the defective pavement which in turn was caused by the passing of the trucks over this pavement. It is urged by appellant that it was necessary for appellee to prove the particular defect which caused her to fall and to establish the identity of the particular truck or trucks which caused that particular defect. We think it is not necessary to determine these facts with such particularity for we think the principle of joint tort feasors applies. When, as here, damage through negligence is established, as well as the fact of non-contributory negligence, it would seem to us to be a travesty upon justice to say that there can be no recovery because appellee was unable to show the particular defect which caused her injury and the particular truck which caused the defect. The jury were certainly warranted in concluding that all the trucks which negligently used the crossing during the time of appellant's use, aided in creating the defects which existed. Obviously appellant is in no position to deny such a finding because the evidence disclosed that it used the crossing more than any other one person and that its trucks could not accomplish the crossing without the wheels of its trucks passing over the cement sidewalk. It is conceded that appellant's trucks used this crossing every day, and there was testimony by a witness who said he had seen appellant's trucks break the pavement.

■ As a general rule appellant ought not to be held for the negligence of another. However, where unlawful and negligent acts conjointly result in damage to another, and the negligent acts are so near in point of time and place as to make it impossible to tell how much of the damage was caused by any particular person who was then guilty of the negligence, it seems to be clear that all parties thus participating in the cause may be jointly or severally held responsible for the result.

■ There is considerable logic in the contention that appellant cannot be held for the defects that were caused prior to the begin-

ning of his tenancy, and literally this is true. However, appellant succeeded to the use of a defective sidewalk caused by negligence of another, and the burden was upon it not to use this defective sidewalk in such a way as to make it more defective. It was bound to use due care in this respect. The evidence discloses that the general condition of the paved portions of the sidewalk next to the crossing was worse at the time of the accident than at the beginning of appellant's tenancy, and it is quite obvious that this change in conditions was caused by the use of the crossing as above stated. Under these circumstances, we think that appellee was not required to show what particular defect in the pavement caused her injury and what particular truck caused the defect. It would be impossible to establish such facts and we cannot believe that the injury here sustained should be classified as one of damnum absque injuria.

Judgment affirmed.