HELEN A. STARK *v.* FIRST NATIONAL STORES, INC., ET ALS.

(88 A2d 831)

February Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 6, 1952.

*Lawrence & O'Brien* for defendant First National Stores, Inc.

*Miles & Ainsworth* for defendants The Universalist Church of America and Massachusetts Universalist Convention.

*Osmer C. Fitts* and *Paul N. Olson* for defendant Hotel Brooks Corp.

*Gannett & Oakes* for the plaintiff.

CLEARY, J.   This is an action of tort seeking damages for personal injuries alleged to have been sustained by the plaintiff as the result of a fall on December 15, 1950.   It occurred on the public sidewalk in Brattleboro adjacent to premises then owned by the Universalist Church of America and Massachusetts Universalist Convention, certain portions of which premises were leased to First National Stores, Inc., and Hotel Brooks Corporation.

The complaint is in two counts.   Count 1 alleges a breach of duty by the defendants in so maintaining a downspout on their building as to cause water and melting snow to drain across the sidewalk and in failing to eliminate the dangerous condition.   Count 2 alleges that a Brattleboro ordinance entitled "Abatement of Nuisances" provides that "A person owning or controlling a building from which snow, ice or water slides or falls, or may fall upon

a street or sidewalk within the limits of the town, shall construct and maintain such guard upon the roof of said building as will prevent snow, ice or water from sliding or falling upon the street or sidewalk." Count 2 then alleges that it was the duty of the defendants (a) under and by virtue of the provisions of the ordinance to construct and maintain such a guard upon the roof of their building as to prevent snow, ice and water from sliding or falling on the sidewalk; (b) not to create or maintain a public nuisance by obstructing the public sidewalk and by rendering it wet, slippery, icy and dangerous. The count then alleges that the defendants disregarded their duty in (a) that they carelessly and negligently failed to construct or maintain such a guard as to prevent snow, ice or water from sliding or falling from the roof of their building upon the sidewalk, in violation of said ordinance, but, on the contrary, constructed and maintained such a guard as to permit snow, ice and water to escape and flow upon the sidewalk, and thereby rendered it slippery, wet and icy; and (b) that the defendants created and maintained a public nuisance by failing to construct and maintain such a guard upon the roof of their building as to prevent snow, ice or water from sliding or falling upon the sidewalk and by obstructing the sidewalk and by rendering the sidewalk wet, slippery, icy and dangerous. Each of the defendants demurred to count 2, alleging its insufficiency because it is predicated upon a claimed violation of the town ordinance. The demurrers were overruled and the case is here on the defendants' exception to that ruling under V. S. 47, § 2124.

The defendants maintain that count 2 is based entirely, wholly, and solely on the breach of the duty which the ordinance of the Town of Brattleboro alone creates.

The ordinance contains no provision that a civil action shall accrue to a person injured by another's breach of it so none can be based on it alone. *Shea* v. *Pilette,* 108 Vt 446, 450, 189 A 154, 109 ALR 933. The defendants make no dispute that breach of the ordinance may create a prima facie case and give rise to a rebuttable presumption of negligence, and that is the law as settled by our decisions. *Landry* v. *Hubert,* 101 Vt 111, 113, 141 A 593, 63 ALR 396; *Shea* v. *Pilette, supra.* It was necessary for the plaintiff to plead the ordinance in order to take advantage of it. *State* v. *Soragan,* 40 Vt 450, 455; *State* v. *Cruickshank,* 71 Vt 94,

95, 42 A 983 ; *State* v. *Bosworth,* 74 Vt 315, 318, 52 A 423.   Count 2 is not based on the requirement of the ordinance but on the defendants'. carelessness and negligence in failing to construct and maintain the guard required by the ordinance.   The only way the plaintiff can benefit from the ordinance is through the medium of the action of negligence ; she has properly alleged it and has properly pleaded the ordinance and its violation.   *Evers* v. *Davis,* 86 NJL 196, 90 A 677, 679, 680.

▮▮   A demurrer to a pleading or to a count or paragraph as a whole will not be sustained if a part thereof is good.   71 CJS 506. Where a count contains several breaches, any one of which is well assigned, this is sufficient to maintain the action, and a general demurrer to the count should be overruled.   71 CJS 507, 508 ; *Portsmouth Etc. Co.* v. *Oliver Refining Co.,* 109 Va 513, 64 SE 56, 132 Am St Rep 924, 927.   See also *Western Union Tel. Co.* v. *Barbour,* 206 Ala 129, 89 S 299, 17 ALR 103, 107, 108 ; *Latham* v. *Staten Island Ry. Co.,* 150 F 235, 236.

*The order overruling the demurrers is affirmed and the cause is remanded.*