Sudie Phipps **MERRIAM**, Appellant,

v.

**ANACOSTIA NATIONAL BANK**, a corporation, and **Joseph F. Nebel**, t/a Joseph F. Nebel Company, Appellees.

No. 13479.

United States Court of Appeals District of Columbia Circuit.

Argued March 12, 1957.

Decided Aug. 6, 1957.

1. The order of the Juvenile Court in this case was made November 28, 1956.

Mr. Milton M. Burke, Washington, D. C., for appellant.

Mr. Irving B. Yochelson, Washington, D. C., for appellee, Anacostia National Bank.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. John Ross, Washington, D. C., was on the brief, for appellee, Joseph F. Nebel.

Before FAHY, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant's complaint alleged personal injury sustained from a fall on a defective sidewalk adjacent to the appellee bank's property on which a new building was being erected by appellee Nebel as general contractor. It charged appellees with creating a dangerous condition against which no warning or notice was given. The dangerous condition of the sidewalk is alleged to have been created by trucks of the excavating subcontractor (a Maryland company not party to this action) which used the sidewalk as a driveway, thus causing the break-up of the concrete surface. There was a con-

flict of evidence on whether the sidewalk surface had been broken before the excavation work started, as well as the degree of damage to the surface of the sidewalk.

The District Court directed a verdict for appellees at the close of appellant's case.

The evidence disclosed, among other things, that the president of the appellee bank visited the construction site "practically every day" and "at all hours," and that he observed no change in the condition of the sidewalk from that which existed prior to commencement of construction work; also that a covering of planks was placed over the sidewalk when the trucks were driven over the walk. He also testified that a workman was always present to remove any debris which fell on the sidewalk. By fair inference it is clear that the appellee Nebel had his supervisors or servants on the premises during the excavation.

The question on appeal is whether the evidence was sufficient to have the case submitted to the jury. We hold the case presented a jury question.

■■ Where the public way is used by private parties for their own private and special use as distinguished from the use to which they are entitled as members of the public and that use creates a dangerous condition which causes injury to a pedestrian, both those creating the dangerous condition (here the subcontractor who is not a party) and those for whose special benefit the use has produced the dangerous condition may be liable in certain circumstances. "An abutting owner who causes an excavation or obstruction to be made in or near a public highway in front of his premises in such a manner that injury to a traveler will result unless precautions are taken cannot let the work to an independent contractor and escape liability if such contractor fails to take the necessary precautions." 27 Am.Jur. 523 (1940); cf. Prosser, Torts 144 (2d ed. 1955). Liability in such case would not rest on appellees by virtue of the negligence of the subcontractor but rather by their own acts or omissions.

■ In other words, neither of the appellees could stand by knowing a dangerous condition was being created on the public sidewalk in furtherance of their respective private and special interests and be free from liability if they did nothing to protect the public from such danger. "That part [of the public sidewalk] put to [an abutting landowner's] special use * * * is so subject to his control that the law places upon him the obligation to maintain it in a suitably safe condition for the public to use it as a part of the sidewalk. * * * The law imposes the duty because of the special use of the sidewalk and not more for one particular kind or special use than another." Joel v. Electrical Research Products, 2 Cir., 1938, 94 F.2d 588, 590. See also Sears, Roebuck & Co. v. Meyer, 9 Cir., 1953, 205 F.2d 321; Barker v. Kroger Grocery & Baking Co., 7 Cir., 1939, 107 F.2d 530, certiorari denied, 1940, 309 U.S. 656, 60 S.Ct. 471, 84 L.Ed. 1005. This is not a vicarious but a direct obligation.

■ We think a new trial should be granted because there was evidence sufficient for a jury to find (1) that a dangerous condition was created in the performance of work being performed for the benefit of appellees; (2) that this dangerous condition was known to appellee bank and was either known to, or in the exercise of due care should have been known to, appellee Nebel who as general contractor had a duty of general superintendence over the work; (3) that appellee bank had actual knowledge of the danger in time to afford protection and appellee Nebel either knew the danger in time to afford protection or in the exercise of due care should so have known; (4) that neither appellee afforded protection or warning reasonable under all the circumstances; (5) that injury to appellant proximately resulted from the failure of either or both appellees to afford such protection or warning.

■ Appellees contend the trial court was justified in directing a verdict in their favor on the basis of appellant's

contributory negligence. On this record, however, we cannot say as a matter of law that appellant's negligence contributed to her injury.

Upon a showing of the elements designated above it is for the jury to decide whether the acts or omissions of either or both appellees constituted negligence.

The judgment of the District Court is reversed and the case remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.