JAMES S. LOVE et al., Appellants, *v.* CLAM Box, INC., Respondent.

Supreme Court, Appellate Term, Second Department, June 18, 1962.

*Robert G. Wilkens* for appellants. *Martin A. Crean* and *John M. Cunneen* for respondent.

*Per Curiam.* The pleadings concede operation and control of the restaurant by defendant and thus it was under a duty to its business invitees to keep the approaches to its restaurant in a reasonably safe condition (4 Warren, Negligence, p. 495). Even if the defective condition (in this case freshly laid cement) was in the public sidewalk and thus part of an area over which defendant had no control and no duty of maintenance, nevertheless since it was contiguous to the door used for ingress and egress, defendant's duty of protection and warning to its patrons would not lessen. Whether it was the defendant who caused this work to be done in which event it is charged with actual notice, or whether it was done by one not engaged by said defendant, the very nature of the defect might justify an inference by a jury that the defendant was, or should have been, aware of the concealed hazardous condition, and was negligent in not posting a warning or in not erecting a barrier.

In our opinion, plaintiffs made out a prima facie case.

The judgment, so far as appealed from, should be unanimously reversed and a new trial ordered, with $30 costs to plaintiffs to abide the event.

Concur — Di Giovanna, Benjamin and Gulotta, JJ.

Judgment reversed, etc.