Hillsborough,
No. 5448.

### MILDRED GOSSLER *v.* MAURICE I. MILLER.

Argued April 5, 1966.
Decided July 15, 1966.

*King, Nixon & Christy* ( *Mr. David L. Nixon* orally ), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* ( *Mr. Joseph M. McDonough*, III orally ), for the defendant.

WHEELER, J. This is an action in case to recover damages for personal injuries alleged to have been caused when the plaintiff fell due to a defect in the sidewalk adjacent to and within 3 to 4 feet of the entrance of defendant's business premises. It is a companion case to *Gossler* v. *Manchester*, 107 N. H. 310, involving the same plaintiffs and based upon the same facts.

The parties agreed to the following facts: " On or about October 15, 1959, at approximately 12:15 P.M., the plaintiff was walking in a generally southerly direction on a cement type public sidewalk on the west side of Chestnut Street, in Manchester, New

Hampshire. At a point on said sidewalk which is adjacent to, and within three to four feet of the entrance way of business premises located on the westerly side of Chestnut Street, which were then owned by the defendant, the plaintiff allegedly fell to the ground and sustained personal injuries due to an alleged defect in said sidewalk. Plaintiff does not claim that any affirmative act of the defendant or his agents caused the defect complained of but does allege that the defendant, prior to the date of plaintiff's injury, had actual notice of the sidewalk defect and had been requested to repair it, but had failed to take any action as a result of said notice and request. The defendant was the owner and in control of the premises adjacent to said sidewalk, and, as an owner abutting upon a public highway, was the owner of a reversionary interest in the sidewalk area where the injury was sustained, subject to a right of way in favor of the general public.

" The parties agree, however, that for purposes of a ruling on the issues raised by the pleadings in this matter, the plaintiff's allegations may be considered as true. "

The defendant filed a motion to dismiss on the ground that the sidewalk upon which the plaintiff fell was a public sidewalk which defendant owed no duty to the plaintiff to keep in repair and suitable for travel thereon. The questions of law raised by the pleadings, the agreed statement of facts and motion to dismiss were reserved and transferred by Loughlin, J.

The issue presented by the agreed statement of facts is whether the defendant property owner owed a duty to the plaintiff who was injured because of an alleged defect in a public sidewalk abutting defendant's premises, which defect was not caused by any affirmative act of the defendant, but of which the defendant had been notified and had been requested to repair the same but had neglected to take any action relative to it.

" It is the generally recognized common-law rule, except in Pennsylvania, that the owner or occupants of property abutting on a public sidewalk does not, solely by reason of being an abutter, owe to the public, including invitees or business invitees of the abutter, a duty to keep the sidewalk in safe condition. Annot. 88 A.L.R. 2d 331, 340 ( II ); Restatement ( Second ), Torts, s. 349, ill. 2; Winston v. Hansell, 160 Cal. App. 2d 570.

The plaintiff concedes that while the overwhelming weight of authority permits defendants to escape the possible consequences

of their negligence in similar situations, such a rule "is unjust, violative of the general duty of each of us to use due care in our relations with others, in conflict with the principle that requires affirmative conduct in the nature of a warning of dangerous conditions (*Partin* v. *A & P Tea Co.*, 102 N. H. 62, 64), and contrary to the trend of the law." 31 Am. Trial Lawyers J. 97.

The plaintiff does not contend that the defendant should have taken some affirmative action but rather, that under the circumstances here the defendant's conduct or lack of it, should be measured against the general standards of duty and due care by a jury without being barred by an arbitrary application of an arbitrary rule of nonliability based on a boundary line location.

The plaintiff calls our attention to the so-called "Pennsylvania Rule" which is unique to that jurisdiction and its validity, if any, is based solely upon the fact of possession. An owner or tenant in possession under this rule has the primary responsibility of keeping in repair the pavement or sidewalk in front of the property owned or occupied by him and is liable for his negligence in failing to perform this duty if injury results. *Great Atlantic & Pacific Tea Co.* v. *Boyles*, 102 F. 2d 343, 344 (3d Cir. 1939). The plaintiff concedes that this basis of establishing liability is unsound and invites analysis of the case at bar on the more basic principles of duty, failure, causal connection and injury.

To bring the undisputed facts of the case at bar "within the category of actionable negligence, some wrongful act must be shown or a breach of some positive duty." *Flynn* v. *Gordon*, 86 N. H. 198, 202; *Kopfinger* v. *Grand Central Public Market*, 389 P. 2d 529 (Cal. 1964).

The duty to repair, maintain and reconstruct sidewalks rests with the highway agent under the direction of the selectmen of a town or mayor and aldermen of a city and such sidewalks shall be maintained "without further assessment to the abutting owner." RSA 252:3. A sidewalk is a component part of the highway (*Hall* v. *Manchester*, 40 N. H. 410) and under the provisions of RSA 247:10 a remedy has been created in favor of one injured by certain defects in highways and bridges. It would be questionable policy to require abutting landowners or possessors thereof to make their own repairs which might create a greater hazard to the general public than the existing defect.

No claim is made here that any affirmative act of the defendant,

or his agents, caused the defect complained of. Absent such cir-
cumstances we hold that the defendant was under no duty to
repair the sidewalk abutting his premises. Defendant's motion
to dismiss should be granted.

*Remanded.*

All concurred.