450 P.2d 99

### Venus TRIPP, Plaintiff and Appellant,

### v.

### GRANITE HOLDING COMPANY and Douglas Optical Company, Defendants and Respondents.

### No. 11304.

Supreme Court of Utah.

Feb. 3, 1969.

———◆———

Bernard L. Rose, Salt Lake City, for plaintiff and appellant.

D. Gary Christian, of Kipp & Charlier, Jay E. Jensen, of Christensen & Jensen, Salt Lake City, for defendants and respondents.

CALLISTER, Justice:

Plaintiff filed a complaint in which she seeks damages for injuries sustained in a

fall due to a defect in a public sidewalk. The fall occurred after she had left the premises of defendant, Douglas Optical Company, lessee of Granite Holding Company, owner of the building which abutted the sidewalk. The trial court granted summary judgment in favor of defendants and plaintiff appeals therefrom.

The case of Basinger v. Standard Furniture [1] is dispositive of this case. In Basinger this court stated:

> There exists no obligation on the part of an abutter to keep the sidewalk adjoining his premises in repair, nor is he liable for any state of disrepair. His obligation can only arise where he creates through use or otherwise some unsafe or dangerous condition. [2]

The foregoing rule of law is applicable even though the injured person was a business invitee. [3]

Affirmed. Costs to respondents.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ. concur.

1. 118 Utah 121, 220 P.2d 117 (1950); see also 88 A.L.R.2d 331.
2. There was no allegation to this effect in plaintiff's complaint.

3. Gossler v. Miller, 107 N.H. 303, 221 A.2d 249 (1966); Sipprell v. Merner Motors, 164 Neb. 447, 82 N.W.2d 648 (1957); Miller v. Welworth Theatres, 272 Wis. 355, 75 N.W.2d 286 (1956).