**QUIGLEY'S PHARMACY, INC., a corporation, Appellant,**

v.

**Mary A. BEEBE, Appellee.**

**No. 4757.**

District of Columbia Court of Appeals.

Argued Oct. 21, 1969.

Decided Jan. 30, 1970.

3. Cf. Franklin v. United States, 117 U.S. App.D.C. 331, 335, 330 F.2d 205, 209 (1964).

---

Patrick J. Attridge, Edwin A. Sheridan, Washington, D. C., for appellant.

Irwin G. Meiselman, Joseph D. Bulman, Washington, D. C., for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal presents the issue whether there is a duty to safely maintain the outer limits of adjacent public-owned space in front of a private business in the absence of evidence of substantial special use of that area and in the face of a showing of extensive use by the general public. A jury returned a $2,000 verdict against appellant and this appeal followed.

Appellee fell as a result of catching her heel in a hole at the outer edge of the space in question as she walked from the entrance of the pharmacy to a mailbox located on the sidewalk at the curb a few feet from where she fell. In addition to appellant, she sued the owner of the property leased by appellant and the District of Columbia. The verdict was against appellant only.

An employee of appellant at the time of the fall testified that he was responsible for sweeping the entire area in front of the pharmacy and that he had made repairs to the surface in the entrance of the store. He also testified that someone else had stumbled over the hole in question at an earlier time; that he had discussed that incident with a superior; and that when he earlier repaired the surface hole in the entranceway of the store he had discussed the "spot" in question with a superior. At the time of appellee's fall, the employee was sweeping between some benches that appellant had placed in another location in this public-owned space.

Appellant argues (Br. 4, "Statement of Errors") that it was entitled to a directed verdict because it owed no duty to appellee in the absence of evidence that it created the condition causing the injury or used the space solely or exclusively for its benefit.[1] Appellant does, however, appear to take a different view in the "argument" portion of its brief (Br. 5, 7) where it recognizes that private and special use of public space "as distinguished from the use to which they are entitled as members of the public" can give rise to a duty to maintain such area in a safe condition. Merriam v. Anacostia National Bank, 101 U.S. App.D.C. 190, 192, 247 F.2d 596, 598 (1957). Appellant then argues that there was no evidence of such private use and benefit. Appellee argues that appellant was shown to have used the area for its special benefit along with use by the general public; that it maintained some control over the condition of the surface of other parts of the space; and knew of the defect in question. From this she argues that appellant was responsible for her fall and resulting injuries. She relies on Viands v. Safeway Stores, Inc., D.C.Mun.App., 107 A.2d 118, 120 (1954).

Since it does not appear that appellee in anyway asserted appellant was responsible for creating the defective condition, Merkel v. Safeway Stores, Inc., 77 N.J.Super. 535, 187 A.2d 52 (1962), on which she relies, does not have any direct application to this

---

1. Such contention is urged without citation of authority.

case. Likewise, the cases she cites[2] relating to defects in public sidewalks directly and necessarily in the path of the entrance to adjacent private property are of no direct application. They are only persuasive of the proposition that if one is shown to have substantially used public space for a direct and special purpose in aid of his use of private property he owes a duty to invitees to maintain their safety.

Viands v. Safeway Stores, Inc., *supra,* held that the property owner owed a duty to invitees to maintain properly the entranceway to the store even though it was located on public property. Safeway had notice that third persons were creating a hazard directly in the entranceway. Subsequently, in Merriam v. Anacostia National Bank, *supra,* the obligation was found to rest on the "special use of the sidewalk" as a driveway by the adjoining property owner.

■ It is apparent from the record in this case that the defect in the public space was located some 20 feet from the entrance to the pharmacy. But more importantly, that area was not situated such that it can be concluded appellant made substantial use of it in relation to its business. It was not shown to be near the benches appellant had supplied; nor does it appear that invitees were attracted to the spot as a calculated or necessary means of ingress or egress or for other business-related purposes. It is not enough to say that such area was part of a larger public-owned space generally located in front of the pharmacy, other parts of which might have been used for business-related purposes. Moreover, the mere fact that an employee swept the area does not, standing alone, create a duty not otherwise extant. In addition, there is unrebutted testimony on behalf of appellant that upwards of 5,000 persons daily used the area as a public pathway in "cutting" the corner formed by the right-angle intersecting sidewalks. It was also used by the District of Columbia and a public utility company to park vehicles and equipment when work was being done in the neighborhood.

■ Accordingly, we hold that where an abutting property owner has made no substantial special use of specific defective public space, and where such space is otherwise used by the general public in a way unrelated to an adjoining owner's special interest,[3] no duty arises requiring the owner to protect those using that space from defects not caused by him. The trial court should have granted appellant's motion for a directed verdict made at the close of the trial.

Reversed with instructions to enter judgment for appellant.

---

2. Shields v. Food Fair Stores of Florida, Inc., 106 So.2d 90 (Fla.App.1958); Cooley v. Makse, 46 Ill.App.2d 25, 196 N.E.2d 396 (1964); Love v. Clam Box, Inc., 35 Misc.2d 436, 232 N.Y.S.2d 924 (1962).

3. *Cf.* cases collected at Annot., 88 A.L.R. 2d 380–83 (1963).