**DISTRICT OF COLUMBIA, a municipal corporation, Appellant,**

**v.**

**TEXACO, INC., a Delaware corporation, and Vernon Winn, Appellees.**

**No. 7879.**

District of Columbia Court of Appeals.

Argued June 12, 1974.

Decided Aug. 30, 1974.

Rehearing and Rehearing en Banc Denied Nov. 21, 1974.

David P. Sutton, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins,

Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellant.

William A. Appler, Washington, D.C., with whom Lawrence E. Carr, Jr., Washington, D.C., was on the brief, for appellee Texaco, Inc.

Hugh E. Donovan, Rockville, Md., for appellee Winn.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

On February 3, 1964, a pedestrian fell and injured herself because of a defective sidewalk which crossed the driveway entrance of appellees' Texaco gasoline station. The District of Columbia (hereinafter, District) was the only party sued by the pedestrian and was held liable in the amount of $18,500. Thereafter, the District brought this action against appellees seeking indemnification for the judgment paid. The trial court, sitting without a jury, entered judgment in favor of appellees. This appeal followed.

The evidence adduced at trial can be summarized in part as follows: The sidewalk in front of appellees' service station was built in 1928; the driveway entrance, crossing a portion of the sidewalk in question, was built in 1928–29. No repairs had been made on the sidewalk from the date of its construction to the date of the accident. The driveway, however, had been repaired by Texaco in 1940. At the time of the accident, the sidewalk portion of the driveway was in a cracked and chipped condition. In contrast, the sidewalk outside the driveway was relatively free from defects. There was extensive vehicular use of the driveway; more than 100 vehicles a day used that entrance of the service station in order to do business with appellees. In addition, large fuel trucks used the driveway entrance from one to three times a week in making gasoline deliveries to the station.

The trial court, in a written opinion, correctly recognized the rule "that when the abutter makes . . . a 'special use' of the [public] walk, and there is a recovery against the municipality because of a defect in the walk, the municipality has the right to seek indemnity from the abutter as the person primarily liable." Hecht Co. v. District of Columbia, D.C.Mun.App., 139 A.2d 857, 862 (1958); *see* Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712 (1896). *See also* Prosser, Torts 312 (1970 ed.). However, the trial court held that use of a sidewalk as part of a driveway for commercial purposes by appellees did not constitute a "special use"; therefore, the District was not entitled to indemnification from appellees. In our opinion the trial court erred in so holding.

■ It is well settled that where an abutter makes a "special use" of the sidewalk, he owes a duty to the public to maintain the sidewalk in a reasonably safe condition and may be held liable for injuries resulting from an unsafe or dangerous condition created by such "special use" of the sidewalk. Merriam v. Anacostia National Bank, 101 U.S.App.D.C. 190, 247 F.2d 596 (1957). *See also* 19 McQuillin, Municipal Corporations § 54.42(d) (1967); Annot., 88 A.L.R.2d 380–89 (1963). In *Merriam, supra*, the court held that the abutter (a bank) made a "special use" of the sidewalk, giving rise to potential liability. In that case, a pedestrian was injured as a result of a fall on a defective sidewalk adjacent to the abutter's property on which a general contractor was constructing a new building. The dangerous condition was created by the trucks of the subcontractor—which used the sidewalk as a driveway—thereby causing the breakup of the sidewalk. The court in *Merriam* said:

[N]either of the appellees could stand by knowing a dangerous condition was being created on the public sidewalk in furtherance of their respective private and special interests and be free from

liability if they did nothing to protect the public from such danger. "That part [of the public sidewalk] put to [an abutting landowner's] special use * * * is so subject to his control that the law places upon him the obligation to maintain it in a suitably safe condition for the public to use it as a part of the sidewalk. * * * The law imposes the duty because of the special use of the sidewalk and not more for one particular kind or special use than another." Joel v. Electrical Research Products, 2 Cir., 1938, 94 F.2d 588, 590. See also Sears, Roebuck & Co. v. Meyer, 9 Cir., 1953, 205 F.2d 321; Barker v. Kroger Grocery & Baking Co., 7 Cir., 1939, 107 F.2d 530, certiorari denied, 1940, 309 U.S. 656, 60 S.Ct. 471, 84 L.Ed. 1005. . . . [101 U.S.App.D.C. at 192, 247 F.2d at 598.]

Similarly, we think there is a "special use" by an abutter where he uses a sidewalk as a driveway entrance to his gasoline station and, as a result, causes an unsafe or dangerous condition on the sidewalk.[1] In this situation the abutter derives private commercial benefit from the "special use" and is in the best position to be aware of and to guard against any dangerous condition caused by this use. Thus, although the District as the municipality is under a duty to exercise reasonable care in maintaining its sidewalks,[2] this duty becomes secondary to the abutter's when he makes such "special use" of the sidewalk.

While the evidence tends to show that the deteriorating condition of the sidewalk was caused primarily by its use as a driveway entrance to a gasoline station, the trial court did not make a specific finding regarding this question. We therefore remand the case for such a determination. If the trial court finds that the defective sidewalk was caused primarily by the "special use," then the District shall be entitled to indemnification from appellees.

Reversed and remanded with instructions.

---

1. There is a split of authority among other jurisdictions on this question. *See* cases collected in Annot., 88 A.L.R.2d 383–89 (1963).

2. *E. g.*, Klein v. District of Columbia, 133 U.S.App.D.C. 129, 132, 409 F.2d 164, 167 (1969); District of Columbia v. Nordstrom, 117 U.S.App.D.C. 165, 167, 327 F.2d 863, 865 (1963).