Hillsborough
No. 80-092

ANITA H. RUTKAUSKAS

v.

DONALD D. HODGINS

December 3, 1980

*Howard J. Nedved*, of Nashua, by brief and orally, for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, orally), for the defendant.

PER CURIAM. The principal issue in this case is whether the owner of a building which redirects precipitation, thereby causing an accumulation of snow and ice on a public sidewalk immediately adjacent to the building, is strictly liable to a tenant who is injured by falling on the snow-covered sidewalk. We hold that there is no such liability.

The defendant is the owner of an apartment building located at the corner of Temple and Commercial Streets in Nashua. The plaintiff was a tenant in said building. On February 11, 1976, the plaintiff left the building through a common doorway which led directly onto the public sidewalk on Temple Street. After taking a step or two on the sidewalk, she slipped and fell, injuring herself. She contends that an accumulation of ice and snow on the public sidewalk caused her fall. In her writ against the defendant, she alleged that the defendant negligently had failed to reasonably maintain the public sidewalk by permitting snow and ice to remain thereon.

The defendant moved for summary judgment under RSA 491:8-a (Supp. 1979) supported by the affidavits of himself and the manager of the building, which stated that the place where the plaintiff fell was on the public sidewalk, that neither he nor his employees had done any maintenance work on the sidewalk and that his building has a flat roof with no overhang and no drains on Temple Street which could cause any artificial accumulation of ice or snow on the sidewalk. The plaintiff filed an affidavit stating that the defendant's structure had directed at least some of the

accumulated snow and ice there and that one could not step from the door without coming upon the accumulation of snow and ice because there was no distance between the building and the sidewalk.

The plaintiff then filed an amended declaration alleging that the defendant's building acted as a snowfence which caused snow and rain to fall on the sidewalk after hitting the building, thereby causing an artificial accumulation. The defendant filed a motion to dismiss, which the Trial Court (*Contas*, J.) granted. The plaintiff appealed.

■ It is well established that the owner of property adjoining a public sidewalk has no responsibility for maintaining the sidewalk. *Gossler v. Miller*, 107 N.H. 303, 304–05, 221 A.2d 249, 250–51 (1966); *State v. Jackman*, 69 N.H. 318, 328–29, 41 A. 347, 347 (1898); Annot., 18 A.L.R.3d 428, 432 (1968). Consequently, the defendant breached no duty owed to the plaintiff simply because he did not clear ice and snow from the sidewalk in question.

■ A landowner has a duty to use reasonable care to prevent artificial conditions on his land from being unreasonably dangerous to users of an abutting sidewalk. *Lane v. Groetz*, 108 N.H. 173, 176, 230 A.2d 741, 744 (1967); *Morin v. Manchester Housing Authority*, 105 N.H. 138, 139, 195 A.2d 243, 244 (1963). Thus, a landlord may be liable when the negligent construction, design or maintenance of his building causes the icy condition on a public sidewalk. *Abell v. Company*, 95 N.H. 439, 440, 65 A.2d 870, 871 (1949); *Worthen v. Abbott*, 90 N.H. 164, 165, 5 A.2d 715, 716 (1939); Annot., 18 A.L.R.3d 428, 432 (1968). Absent such negligent construction, design or maintenance causing an artificial accumulation of ice or snow, however, a landlord has no obligation with respect to the condition of the public sidewalk. This rule has not been modified in any way by *Sargent v. Ross*, 113 N.H. 388, 308 A.2d 528 (1973), which is limited to on-the-premises conditions. *See id.* at 399, 308 A.2d at 535; *Lane v. Groetz, supra* at 175–76, 230 A.2d at 744.

■ Although whether there was an artificial accumulation of ice or snow in this case is a question of fact, there is no evidence that any negligent construction, design or maintenance of the building caused the accumulation. The mere existence of a building cannot give rise to liability on the part of the owner, even though the building may redirect precipitation and thereby cause an unnatural accumulation of snow or ice on the public sidewalk. *See Mutzel v.*

*Northwestern Bell Tel. Co.*, 247 Iowa 14, 18, 72 N.W.2d 487, 489 (1955); *Harrison v. Poli-New England Theatres, Inc.*, 304 Mass. 123, 125, 23 N.E.2d 99, 100 (1939); *Gossler v. Miller, supra* at 305, 221 A.2d at 251.

The plaintiff's allegations, therefore, state no cause of action, and the defendant was entitled to summary judgment as a matter of law. *See Johns-Manville Sales Corp. v. Barton*, 118 N.H. 195, 197, 385 A.2d 118, 119 (1978).

*Appeal dismissed.*