Merrimack
No. 84-151

THOMAS A. RITZMAN AND JANE L. RITZMAN

v.

MARTIN J. KASHULINES AND D. L. KASHULINES
d/b/a THE CRACKER BARREL

March 20, 1985

*Perkins & Upshall P.A.*, of Concord (*Thomas G. Cooper* on the brief, and *Frederick E. Upshall, Jr.*, orally), for the plaintiffs.

*Sulloway, Hollis & Soden*, of Concord (*Eleanor H. Holmes* on the brief and orally), for the defendants.

BATCHELDER, J.  On January 17, 1982, Jane L. Ritzman slipped and fell on a natural accumulation of snow on the shoulder of Main Street in Hopkinton. Mrs. Ritzman fell while walking toward the sidewalk in front of the defendants' store, The Cracker Barrel. The area where she fell is used for parking by customers of the store and has been periodically plowed by the defendants.

Mrs. Ritzman and her husband filed suit against the defendants, alleging that the defendants had a duty to maintain the parking area in a reasonably safe condition and that Mrs. Ritzman's injury was proximately caused by a breach of this duty. The Superior Court (*O'Neil*, J.) dismissed the suit in response to a summary judgment motion of the defendants. We affirm.

In *Rutkauskas v. Hodgins*, 120 N.H. 788, 423 A.2d 291 (1980), we discussed the duty of a landowner with respect to an adjoining public way. In that case, the plaintiff claimed that the defendant had a duty to remove a natural accumulation of snow from a public sidewalk. In rejecting this claim, we stated:

> "It is well established that the owner of property adjoining a public sidewalk has no responsibility for maintaining the sidewalk . . . .
>
> "A landowner has a duty to use reasonable care to prevent artificial conditions on his land from being unreasonably dangerous to users of an abutting sidewalk . . . . Thus, a landlord may be liable when the negligent construction, design or maintenance of his building causes the icy condition on a public sidewalk . . . . *Absent such negligent construction, design or maintenance causing an artificial accumulation of ice or snow, however, a landlord has no obligation with respect to the condition of the public sidewalk.*"

*Id.* at 790, 423 A.2d at 293 (citations omitted) (emphasis added).

The court below found that "this case does not fall within the exceptions stated in the case of *Rutkauskas v. Hodgins*, 120 N.H. 788

(1980), or any other New Hampshire case[]." The plaintiffs do not dispute this ruling; rather, they ask us to create a further exception to the general rule of nonliability articulated in *Rutkauskas.*

The plaintiffs urge us to adopt the "special use rule" which prevails in a number of jurisdictions. *See, e.g., Cool v. Vesey,* 31 Colo. App. 1, 4–5, 499 P.2d 642, 643–44 (1972); *District of Columbia v. Texaco, Inc.,* 324 A.2d 690, 691 (D.C. 1974); *Bethesda Armature Co., Inc. v. Sullivan,* 47 Md. App. 498, 501, 424 A.2d 397, 399 (1981); *De Witt v. Schuhbauer,* 287 Minn. 279, 283–84, 177 N.W.2d 790, 793–94 (1970); *see also* 63 C.J.S. *Municipal Corporations* § 861(c) (1950). Under this rule, a municipality's otherwise prevailing obligation to maintain a public sidewalk, *see* RSA 231:62 (Supp. 1983), is partly supplanted by a landowner's duty of care. *See Bethesda Armature Co., Inc. v. Sullivan, supra* at 501, 424 A.2d at 399; *Martin v. Gilmore,* 358 S.W.2d 462, 464 (Mo. Ct. App. 1962). The landowner's duty arises whenever it uses the sidewalk to its economic benefit for a purpose other than normal pedestrian traffic. *See De Witt v. Schuhbauer, supra* at 284, 177 N.W.2d at 794.

The plaintiffs argue that this rule should be both adopted and extended to apply to injuries occurring on specially used areas of public streets. They argue that the use of the street for parking by the customers of The Cracker Barrel converted this area to a special, economically beneficial use and that the defendants thus had a duty under the special use rule to protect Mrs. Ritzman from unreasonable harm. They further argue that it would be equitable to impose this duty because the defendants are in a position to maintain the parking area, as evidenced by their plowing in the past. We find the plaintiffs' arguments unpersuasive.

The legislature has imposed on local municipalities the obligation of maintenance and repair of highways, including snow removal. RSA 231:62 (Supp. 1983). The legislature did not intend abutting landowners to bear the cost of this service. RSA 231:33 states, "highways shall be maintained, repaired and reconstructed by the town in which they are located without further assessment of the owners of property abutting or served by said facilities." Imposition of a duty to remove natural accumulations of snow from specially used areas of public streets would force landowners to bear the cost of a chore that has been charged to municipalities and would thus frustrate a clear policy of RSA 231:33. We therefore decline to adopt the special use rule in the context of this case. We do not hold that the same result would occur if the defendants had acted negligently with respect to an activity performed for the benefit of their customers.

*Affirmed.*

DOUGLAS and BROCK, JJ., did not sit; the others concurred.