VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-00531



Chatsarun Huss
        Plaintiff

v.

Harry Saul, Jr. and Gary Corsi, Jr.
        Defendants

### Decision on Defendants' Motions for Summary Judgment

Plaintiff Chatsarun Huss slipped and fell on the public sidewalk outside of the Pleasant Street Bookstore in Woodstock, Vermont. At the time, it was snowing, and there was ice on the sidewalk.

In this personal-injury action, plaintiff has not sued the town for negligent maintenance of the public sidewalk. Instead, plaintiff has brought a negligence claim against the bookstore owner and the bookstore's maintenance contractor. At issue is whether defendants owed plaintiff a duty to maintain the public sidewalk. Vt. R. Civ. P. 56(c); *O'Connell v. Killington, Ltd.*, 164 Vt. 73, 76 (1995); *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 499 (1993); *Langle v. Kurkul*, 146 Vt. 513, 518–19 (1986).

Generally, abutting landowners do not owe a duty of care to maintain public sidewalks. The reason for this is that defendants do not owe duties of care in slip-and-fall cases "unless the area where the accident occurs is under the control of the defendant at the time of the accident," *Grann v. Green Mountain Racing Corp.*, 150 Vt. 232, 234 (1988); *Doherty v. Town of Woodstock*, No. 21-CV-00685, 2023 WL 2633233 at *2 (Vt. Super. Ct. Mar. 15, 2023) (Hoar, J.); *Rivers v. Brinker Intern.*, No. 20-CV-00603, 2022 WL 3027958 (Vt. Super. Ct. July 8, 2022) (Hoar, J.), and public roads and public sidewalks are usually under the control of the local government rather than the owner of the underlying land, e.g., *Latulippe v. City of Burlington*, 93 Vt. 434, 435–36 (1919); *Echeverria v. Town of Tunbridge*, No. 23-CV-00195, 2025 WL 1928904 (Vt. Super. Ct. July 8, 2025) (Corbett, J.). As a specific expression of this general rule, the Vermont General Assembly has provided that "[n]o landowner shall be liable for any property damage or personal injury sustained by any person who is using, for any purpose permitted by [s]tate law or by a municipal ordinance, bicycle routes or sidewalks constructed on the landowner's property." 19 V.S.A. § 2309.

An exception to the general rule exists to the extent that the personal injury "arises from negligent, reckless, or willful acts of the landowner." 19 V.S.A. § 2309. An example of the type of negligence that might give rise to this liability occurs when a landowner contributes to dangerous conditions on public sidewalks. In *Stark v. First National Stores*, for example, an abutting landowner maintained a downspout in such a way that it caused water and melting snow to "drain across the sidewalk" and "thereby rendered it slippery, wet and icy." 117 Vt. 231, 233–34 (1952). Likewise, in *Murray v. Nelson*, a pipe burst inside an abutting building, and water ran down the stairs, out the door, and across the sidewalk, whereupon it froze and caused a pedestrian to slip and fall. 97 Vt. 101, 105–07 (1923). In this case, although plaintiff contends that defendants negligently failed to maintain the sidewalk in front of the store, there is no evidence that defendants' efforts affirmatively contributed to any dangerous conditions on the sidewalk. No snow is alleged to have fallen onto the sidewalk from the building roof. No ice is alleged to have formed because water flowed onto the sidewalk from a bookstore downspout. And there is no evidence that defendants somehow, by shoveling the sidewalk, made it less safe than if they had done nothing at all. For these reasons, there is no genuine issue for trial as to whether defendant's actions increased the risks posed by the natural snowfall or ice accumulation on the sidewalk. Restatement (Second) of Torts § 324A(a); *Stocker v. State*, 2021 VT 71, ¶ 42, 215 Vt. 432; *Murphy v. Sentry Ins*., 2014 VT 25, ¶ 27, 196 Vt. 92; *Stark*, 117 Vt. at 233–34.

Another exception to the general rule exists (maybe) if there is a local ordinance that assigns responsibility for sidewalk maintenance to the abutting landowner. Although the exception is widely mentioned in the common law, it does not appear to the court that there is any binding Vermont precedent establishing such an exception in this state. A reference to the doctrine appears in *Buchanan v. Town of Barre*, 66 Vt. 129, 133 (1894), but the reference was dicta, and likely predated the development of the statute that now makes it clear that "[n]o landowner shall be liable for" any personal injuries suffered by any persons who are using public sidewalks for their intended purposes.[1] 19 V.S.A. § 2309. It is not evident to the court how a local ordinance could be interpreted as establishing a legal duty contrary to the statewide statute,[2] and the parties have not meaningfully addressed that issue.

In any event, even under the common-law approach, the Woodstock ordinance does not appear to have the characteristics of a local ordinance that would impose upon liability upon abutting landowners. Section 7402 of the village ordinances does not require abutting landowners to keep public sidewalks reasonably safe for pedestrian traffic at all times, but instead only requires abutting landowners to clear village sidewalks to the extent that they are rendered safe for pedestrian traffic

---

[1] Act 269 of the 1985-86 legislative session was a recodification and restatement of existing highway law, *Sagar v. Warren Selectboard*, 170 Vt. 167, 175–76 (1999); *Pidgeon v. Vermont State Transp. Bd*., 147 Vt. 578, 583 (1987), so it is probable that the sidewalk statute existed in some other form before 1985. The parties have not argued that the historical provenance of the statute is significant to its interpretation, so the court has not undertaken research on that point.

[2] Plaintiff appears to argue that § 2309 creates a duty of care for abutting landowners. The court does not read the statute that way, but rather reads the statute as absolving landowners from liability for injuries sustained on public sidewalks and bike paths unless the landowner negligently, recklessly, or willfully commits some act or increases the risk of harm. *Stocker*, 2021 VT 71, ¶ 42.

"within twenty-four hours of such accumulation." And the ordinance does not provide that abutting landowners will be liable to pedestrians for any personal injuries caused if they fail to comply with their snow-removal duties within 24 hours of an accumulation, but rather provides that the village will thereafter plow the sidewalk and either impose a fine of twenty-five dollars or "seek to recover its expense for such snow or ice removal and/or maintenance" from the abutting landowner "at the rate of forty dollars per hour," or both. In other words, the ordinance does not appear to be a liability-shifting law, but rather a cost-shifting provision that essentially imposes a services tax upon certain village landowners for the cost of removing snow and ice from public sidewalks. As Judge Hoar put it when reaching an identical conclusion about the same Woodstock village ordinance in a recent case, the ordinance is "a far cry" from imposing upon abutting landowners "a duty to users of the sidewalk to maintain it free from all defects, whenever and however they may occur." *Doherty v. Town of Woodstock*, No. 21-CV-00685, 2023 WL 2633233 at *2 (Vt. Super. Ct. Mar. 15, 2023). And although Judge Hoar's decision is only persuasive precedent, it appears to be consistent with the approaches taken by other New England states, which have interpreted ordinances similar to the Woodstock ordinance as shifting sidewalk-snow-removal costs between towns and abutting landowners rather than creating duties of care enforceable by pedestrians, e.g., *Robinson v. Cianfarani*, 107 A.3d 375, 379–80 (Conn. 2014); *Gamere v. 236 Commonwealth Ave. Condo. Ass'n*, 474 N.E.2d 1135, 1136–37 (Mass. Ct. App. 1985); *Denman v. Peoples Heritage Bank, Inc.*, 704 A.2d 411, 414 (Me. 1998); *Martin v. Altman*, 586 A.2d 1031, 1031 (R.I. 1990).[3]

For these reasons, defendants' motions for summary judgment (Motions 1 and 2) are granted. A final judgment order shall issue separately.

Electronically signed on Wednesday, July 23, 2025 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 07/24/25
Windsor Unit

---

[3] It appears that New Hampshire law requires local governments to maintain sidewalks "without further assessment to the abutting owner," *Gossler v. Miller*, 221 A.2d 249, 305 (N.H. 1966); *State v. Jackman*, 41 A. 347, 347–48 (N.H. 1898), and for that reason, there do not appear to be any New Hampshire cases addressing the question of whether a town ordinance shifts snow-removal costs or instead creates duties of care.