**Jane HALL and Chris Hall**

v.

**UNITED STATES of America, GENERAL SERVICES ADMINISTRATION.**

No. C–93–003–L.

United States District Court,
D. New Hampshire.

June 17, 1993.

---

428

Stephen R. Fine, Fine & Associates, P.A., Manchester, NH, for plaintiffs.

Gretchen Leah Witt, U.S. Attorney's Office, Concord, NH, for defendant.

### *ORDER*

LOUGHLIN, Senior District Judge.

Before this court is defendant, United States of America, General Services Administration's, Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. In the alternative, the defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Doc. No. 4). Jurisdiction is founded on the Federal Tort Claims Act ("FTCA"), U.S.C. § 1346(b).

*Factual Background*

The events that gave rise to this action occurred on June 25, 1991, in the Norris Cotton Federal Building, Chestnut Street, Manchester, New Hampshire. The plaintiffs were engaged in business at the office of the Clerk of the United States Bankruptcy Court for the District of New Hampshire. At some point during plaintiff Jane Hall's time at the Norris Cotton Federal Building she attempted to enter elevator number two. The elevator allegedly failed to align itself properly with the seventh floor and as a result, plaintiff caught the heel of her shoe and tripped over the entrance. Plaintiff fell and hit her head on the side of the elevator, allegedly sustaining injury in the fall.

The Norris Cotton Federal Building was and continues to be owned and operated by the United States of America, General Ser-

vices Administration ("GSA"). Prior to the accident GSA had contracted with Montgomery Elevator Company ("Montgomery") of Braintree, Massachusetts, under Contract No. GS–01P90BXC0067 (the "contract") dated November 15, 1990, for maintenance of the elevators (Doc. No. 4, Exhibit A at 2–3).

*Discussion*

The plaintiffs in their complaint essentially make three allegations upon which they assert the liability of the United States. First, plaintiffs claim that the United States is liable for negligently failing to properly maintain and operate in a safe manner, the elevators in the Norris Cotton Federal Building (Doc. No. 1 at 2). Second, plaintiffs assert the defendant breached its duties to the plaintiffs by negligently delegating the elevator maintenance functions to Montgomery (Doc. No. 1 at 2–3). Third, plaintiffs predicate the defendant's liability on alleged negligent failure to properly supervise its delegation of maintenance functions to Montgomery (Doc. No. 1 at 3). In addition, Count II of plaintiffs' complaint also presents a claim on the part of Chris Hall for loss of his wife's consortium as a result of her alleged injuries (Doc. No. 1 at 4).

The defendant, GSA, in its Motion to Dismiss, accompanying memorandum of law (Doc. No. 4) and reply memorandum (Doc. No. 9), attacks the plaintiffs' complaint from three perspectives. First, GSA argues the plaintiffs' suit is barred because GSA had delegated authority over the elevator in question to an independent contractor; said contractor is not an "employee" of the United States under the applicable provisions of the FTCA and therefore, GSA is not amenable to suit. Second, defendant in their reply memorandum addresses plaintiffs' contention that New Hampshire common law imposes a nondelegable duty upon the defendant that imputes liability on the GSA under the FTCA. Finally, defendant argues that plaintiffs' claim is barred by the "discretionary function" exception to the FTCA.

The defendant has moved for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) and, in the alternative, for dismissal pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is proper only if, viewing the record in a light most favorable to the non-moving party, the documents on file disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). "Only disputes over facts that might affect the outcome of the suit" are material. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Once the moving party has made a properly supported motion for summary judgment, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250, 106 S.Ct. at 2511. (quoting Fed.R.Civ.P. 56(e)). In this case, as the court has considered information that goes beyond the pleadings, the court will treat this as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

■ The FTCA is a limited waiver of the government's sovereign immunity. It is well settled "the United States, as sovereign, 'is immune from suit save as it consents to be sued....' " *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (*quoting, United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). Therefore, the terms and conditions of the FTCA set the boundaries of subject matter jurisdiction for courts in entertaining tort suits against the United States. *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). According to GSA, the plaintiffs' case falls outside of these boundaries.

The GSA contends plaintiffs fail to state a claim upon which relief may be granted and that this court lacks subject matter jurisdiction over this case under the FTCA. In tort actions against the United States the FTCA permits action to proceed when the injury complained of is:

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred. 28 U.S.C. § 1346(b).

Thus, for the GSA to be held liable in tort for plaintiffs' injuries, the court must find that an employee of the federal government was negligent in relation to the maintenance and/or supervision of the elevator in question.

The FTCA in pertinent part, defines government employees to include "officers or employees of any federal agency," but excludes "contractors" from this definition. 28 U.S.C. § 2671. Defendant cites several cases that support the proposition that liability of the United States cannot be premised upon the acts or omissions of a contractor. *See, e.g., United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976); *Logue v. United States,* 412 U.S. 521, 526, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973). Consequently, if it can be established that Montgomery is an independent contractor of GSA the plaintiffs may not sue the United States under the FTCA since the negligence is not attributable to defendant GSA.

As previously indicated, the record shows that the United States delegated its duty over elevator number 2 through contract GS–01P90BXC0067 to Montgomery (Doc. No. 4, Exhibit A at 3). The United States Supreme Court has held that the difference between employees and contractors depends on the power of the government " 'to control the detailed physical performance of the contractor' " and "whether [the contractor's] day-to-day operations are supervised by the Federal Government." *United States v. Orleans,* 425 U.S. at 814, 96 S.Ct. at 1976 (*quoting, Logue v. United States,* 412 U.S. at 528, 93 S.Ct. at 2219). The key factor to be considered then in determining Montgomery's status relative to GSA is the amount of control the GSA exercised over the detailed operations of Montgomery.

Based on this court's review, under the contract with GSA, Montgomery was given responsibility for the day-to-day management and operation of the work required under the contract (Doc. No. 4, Exhibit A at 241). No employee of the United States supervised, controlled, or directed the physical performance of any Montgomery employee (Doc. No. 4 at 4–5, Exhibit A at 4, 11 and 241; Doc. No. 4, Exhibit B at 3). Montgomery was responsible for paying the salaries of all of its employees (Doc. No. 4, Exhibit A at 5). Montgomery was required to provide the necessary supervisors as required by the contract. *Id.* Further, the contract expressly forbid any government employee from supervising the actions of Montgomery. *Id.* at 6.

While there are some provisions in the contract that allow GSA to inspect the work of Montgomery, the government contends and this court's reading of these provisions support the view, that the purpose behind these contract provisions for inspections was not supervisory but rather served an oversight function designed to ensure that the government was getting what it paid for under the contract. Such inspections were for the "sole benefit of the government and do not relieve the contractor of any of its responsibilities" (Doc. No. 4, Exhibit A at 14). In any event, the First Circuit has held that inspection of a contractor's work by government personnel does not turn a contractor into an employee of the United States. *Larsen v. Empresas El Yunque, Inc.,* 812 F.2d 14, 15 (1st Cir.1986). "The right to inspect does not nullify the general rule that the government is not liable for the torts of independent contractors." *Id.* at 15 (*quoting, Brooks v. A.R. & S. Enterprises, Inc.,* 622 F.2d 8, 12 (1st Cir.1980)).

Based on the foregoing and this court's review of the relevant contract provisions, this court is of the opinion that Montgomery was an independent contractor of GSA at the time of the events giving rise to this suit and therefore, GSA cannot be held liable for Montgomery's acts and/or omissions as Montgomery cannot properly be considered an "employee" of the United States under the FTCA. *See, Larsen,* 812 F.2d at 15; *Brooks,* 622 F.2d at 12. In fact, a review of Plaintiffs' Objection to Defendant's Motion to Dismiss indicates that plaintiffs make no serious argument to the contrary refuting Montgomery's status under the FTCA. As a result, to the extent plaintiffs' claim is predicated on the acts of Montgomery, plaintiffs' suit

is barred by the independent contractor provision of the FTCA, 28 U.S.C. §§ 1346(b) and 2671.

Normally this would end the discussion since the court has determined that Montgomery was an independent contractor of the United States and GSA is not amenable to suit for the alleged negligence of its independent contractor. However, in the instant case since the plaintiffs claim that they are not proceeding against the GSA for the alleged negligence of its independent contractor Montgomery per se, but rather argue their claims are based upon the alleged negligence of two government employees who oversaw the actions of Montgomery (Doc. No. 6 at 6, n. 1), for the sake of completeness the court will address the issues raised by this argument.

█ Plaintiffs advance a vague argument that is not clearly articulated, to the effect that despite the fact that the GSA delegated its authority to Montgomery under the contract, GSA is nevertheless bound by a nondelegable duty under New Hampshire common law to which liability of GSA attaches. Specifically, the plaintiffs allege that they are aggrieved by the acts and/or omissions of one Mr. Roach, a Mechanical Maintenance Inspector for the GSA, who had inspected the elevator in question on more than one occasion [1] and a Mr. Barbin, or one of his subordinates, for allegedly failing to coordinate safety procedures with Montgomery to ensure that Montgomery performed its obligations under the contract in a safe manner.

Plaintiffs contend that the duty of the GSA, with respect to the acts and/or omissions of Mr. Roach and Mr. Barbin in their respective capacities as inspector and supervisor, somehow casts liability on GSA analogous to the liability of private individuals. In its most simple terms the argument as this court understands it, essentially implies that the GSA, in its role as a landowner, is bound by New Hampshire common law duties and statutes which set the standard of care for landowners in this state, unless a specific federal statute exempts it from that standard of care. In support of this proposition the

plaintiffs direct the court's attention to *Dube v. Pittsburgh Corning,* 870 F.2d 790, 798–99 (1st Cir.1989).

Plaintiffs argue that GSA's discretion was limited by the New Hampshire common law standard of care and that GSA had a nondelegable duty to maintain the safety of the elevator in question. According to the plaintiffs, New Hampshire law would impose liability on private persons who committed the complained of acts or omissions and by analogy such liability applies to the GSA; once the inspector for the GSA undertook to inspect the elevators he could not do so negligently. See *Corson v. Liberty Mutual Ins. Co.,* 110 N.H. 210, 265 A.2d 315 (1970); see also *Dube,* at 798–99; accord *Irving v. United States,* 909 F.2d 598 (1st Cir.1990).

█ While plaintiffs' recitation of authority is indeed accurate as to New Hampshire common law, on the record of this case, it is nonetheless inapplicable to their claims under the FTCA. On its reading of the contract and related material, the court finds that GSA's responsibility for safety was delegated to Montgomery under the terms of the contract and any GSA inspection served solely an oversight function. Because federal law determines when the government may or may not be sued, by waiving its sovereign immunity, the FTCA bars recovery for injury where the United States has delegated its authority to an independent contractor notwithstanding otherwise applicable state law that makes such responsibilities nondelegable. 28 U.S.C. § 2671; *See, Schneider v. United States,* 734 F.Supp. 239, 247–248 (E.D.La. 1990); *Maltais v. United States,* 546 F.Supp. 96, 101 (N.D.N.Y.1982) *aff'd in unpublished opinion,* 729 F.2d 1442 (2d Cir. 1983); *Dumansky v. United States,* 486 F.Supp. 1078, 1093 (D.N.J.1980). Several courts have similarly concluded that the FTCA bars recovery for unsafe property conditions where the United States delegated its safety responsibilities to a contractor, notwithstanding otherwise applicable state law making such safety responsibilities nondelegable. *Smith v. United States,* 674 F.Supp.

---

**1.** Mr. Roach inspected the elevators in the Norris Cotton Federal Building both prior to and subsequent to the alleged accident and did not cite elevator number 2 for any violations.

683, 686 (D.Minn.1987); *Aetna Life and Casualty Insurance Co. v. United States*, 508 F.Supp. 298, 301 (N.D.Ill.1981); 1993 WL 114605 (N.D.Ill.).

The court in *Schneider* pointed out that "a landowner's duty—to the extent it is nondelegable—can only be a strict liability duty." [2] *Schneider*, 734 F.Supp. at 247–48. That is to say, an owner will be liable for injuries caused by any unsafe conditions on the property even if the owner was as diligent as any ordinary prudent owner in maintaining and repairing (or as in this case, contracting with another to maintain or repair) the property. *Id.* at 248. This is tantamount, according to the court, to saying that the owner is strictly liable for injury from any unsafe condition on the property. *Id.* This court believes any such result would be contrary to the intent of the FTCA and would also be violative of the idea that the United States cannot be held liable for a claim arising under the doctrine of strict liability without a showing of fault on the part of an employee of the United States. *Dalehite v. United States*, 346 U.S. 15, 45, 73 S.Ct. 956, 972, 97 L.Ed. 1427 (1953); *Maltais*, 546 F.Supp. 96, 101.

The First Circuit is in agreement with this analysis and has previously indicated that liability premised on a theory of vicarious liability could not be sustained under the FTCA because the United States has not waived sovereign immunity for the torts of its independent contractors.

> [T]here are certain cases where under local law a private person may be liable for injuries resulting from the negligence of a carefully selected independent contractor. Restatement of Torts § 416 *et seq.* Presumably the United States would not be subject to liability in such a case under the Federal Tort Claims Act, for it may well be that the negligent independent contractor would not be deemed an "employee" of the government within the meaning of § 1346(b).

*United States v. Hull*, 195 F.2d 64, 67 (1st Cir.1952). The Supreme Court found the First Circuit's argument in *Hull* to be convincing and applied it to their decision in *Dalehite v. United States*, 346 U.S. 15, 44–45, 73 S.Ct. 956, 972–973, 97 L.Ed. 1427 (1953) while rejecting the applicability of the FTCA to a nuisance theory of liability which was also premised on liability without fault.

Based on the foregoing, it is evident that the state law duty allegedly owed by GSA to plaintiffs, which plaintiffs rely on to show the required negligence to support their claim under the FTCA, depends on vicarious and absolute liability, neither of which is actionable under the FTCA. *Laird v. Nelms*, 406 U.S. 797, 803, 92 S.Ct. 1899, 1902, 32 L.Ed.2d 499 (1972) (absolute liability may not be imposed on the United States); *Logue v. United States*, 412 U.S. at 528, 93 S.Ct. at 2219 (courts may not abrogate denial by FTCA of imposition of vicarious liability upon United States). Plaintiffs' contention that state common law duties impose liability on the GSA under the FTCA is not persuasive and is contrary to precedent.

■ Finally, defendant argues that plaintiffs' case should be dismissed because the actions of the GSA in their decision to delegate their responsibility for the maintenance and operation of the elevators and subsequent supervision and oversight of the employees of Montgomery fall within the "discretionary function" exception to the FTCA. Plaintiffs in turn argue that the actions of GSA were neither discretionary nor grounded in policy and therefore the exception does not apply. Because the basis of plaintiffs' argument that the complained of acts and/or omissions of Mr. Barbin and Mr. Roach are not discretionary relies on the nondelegable duty allegedly imputed on the defendants under New Hampshire common law the court rejects this argument on the same grounds as above. Plaintiffs attempt to show that GSA's activities were not discretionary because state law constrained the discretion of the officials involved, an argument the court has already found to be inapplicable to claims under the FTCA since it is premised

---

**2.** *See, Sears Roebuck & Co. v. Philip,* 112 N.H. 282, 286, 294 A.2d 211 (1972); *Wentworth Hotel v. Gray, Inc.,* 110 N.H. 458, 272 A.2d 583 (1970) (holding that the "nondelegable duty" theory of liability is a theory of absolute or vicarious liability based on the imputed negligence of the contractor).

on an absolute theory of liability and based on the fact that the FTCA requires negligence on the part of a federal employee. *Dalehite v. United States,* 346 U.S. at 15, 73 S.Ct. at 957.

Plaintiffs' apparent reliance on the mandate that the "discretionary function" exception will not apply when a "federal statute, regulation or policy specifically prescribes a course of action for an employee to follow" is misplaced. *See, United States v. Gaubert,* 499 U.S. 315, ——, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991); *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988). Quite simply, plaintiffs fail to show that there is any such limitation on the GSA's discretion. *Berkovitz* and the First Circuit cases that have followed do not recognize a state law tort duty as a limitation of the United States discretion under the FTCA. *Attallah v. United States,* 955 F.2d 776, 778 (1st Cir.1992); *Kelly v. United States,* 924 F.2d 355, 360 (1st Cir. 1991); *Mercado Del Valle v. United States,* 856 F.2d 406, 407 (1st Cir.1988). In fact, at least one court has indicated that to permit such a result in the face of "federal statutory authority to delegate safety responsibility and authority to contractors, would encroach upon the dictates of the Supremacy Clause." *Maltais v. United States,* 546 F.Supp. 96, 101 (N.D.N.Y.1982) *aff'd in unpublished opinion,* 729 F.2d 1442 (2d Cir.1983); *see also, Schneider v. United States,* 734 F.Supp. at 248 ("[The United States] had the power under federal law, notwithstanding any elements of . . . state law, to delegate its duty of inspection and repair to independent contractors.").

Thus, given that in the opinion of this court the GSA had properly delegated authority over the elevators; that New Hampshire common law duties cannot imbue the defendants with liability under the FTCA; and faced with the fact that the FTCA requires negligence on the part of a federal employee in order to sustain an action, it is

clear that the common law duty alluded to by plaintiffs is not the type of mandatory duty that would deprive the GSA's activities of the benefit of the "discretionary function" exception.

In relation to the discretionary function exception it is the view of this court that plaintiffs have failed to identify any mandatory directive which outlines the manner in which the United States was to conduct its actions in relation to its limited oversight function of Montgomery's actions. Plaintiffs point to no "federal statute, regulation or policy that specifically prescribes a course of action" for GSA employees to follow and as previously indicated, the alleged state common law duty did not act to constrain GSA's discretion under FTCA.

The court's review of the case law suggests that it is incumbent upon the plaintiffs to show that their case falls outside of the protective bounds of the "discretionary function" exception. That is, plaintiffs bear the burden of establishing the court's jurisdiction under the FTCA. *Miller v. United States,* 710 F.2d 656, 662 (10th Cir.) *cert. denied,* 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 316 (1983); *Ellis v. United States,* 780 F.Supp. 783, 785 (D.Utah 1991). By alleging a vague common law claim as the basis for the application of the FTCA plaintiffs have failed to meet this burden. In short, plaintiffs have failed to establish that their claims meet the threshold requirements to sustain an action under the FTCA, as a result, further explication of the tests related to the discretionary function exception as it relates to the facts of this case is unnecessary.[3]

Therefore, based on the above precedent this court lacks jurisdiction under the FTCA because the plaintiffs' claim does not arise from the "negligent or wrongful act or omission" of an "employee" of the government as required under the FTCA. Plaintiffs' argument that state common law duties impose liability on the GSA is not persuasive and is

---

**3.** The court does however note, that the court in *Maltais* after holding FTCA inapplicable where the imposition of a nondelegable duty under state law would amount to imposition of absolute or strict liability took this one step further and held alternatively that a decision by a government agency to delegate any state-law duties concerning safety to an independent contractor came within the discretionary function exception of the FTCA, § 2680(a). *Maltais,* 546 F.Supp. at 101; *See also, Shuman v. United States,* 765 F.2d 283 (1st Cir.1985).

contrary to precedent. Considering the foregoing in relation to defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56, it is clear that plaintiffs have failed to show that defendant GSA is amenable to suit under the applicable provisions of the FTCA. Thus, it is the opinion of this court that the plaintiffs have failed to "set forth specific facts showing that there is a genuine issue for trial" as is required to survive a motion for summary judgment. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Therefore, as a matter of law, the plaintiffs' tort claim must be dismissed. As the above decision is dispositive on this case the court need not address the plaintiffs' additional arguments or consider the validity of plaintiff, Chris Hall's, loss of consortium claim. Accordingly, defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is hereby granted.