Sweeney v. Easter Seal Society          CV-95-015-M    12/07/95
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Catherine Sweeney,
      Plaintiff,

      v.                                          Civil No. 95-15-M

Easter Seal Society of New Hampshire,
and United States of America,
      Defendants.


                              O R D E R


      On February 10, 1994, Catherine Sweeney slipped and fell on

a patch of ice outside the Norris Cotton Federal Building in

Manchester, New Hampshire (the "building").  She brings this

action to recover damages from the United States, as owner of the

building, and the Easter Seal Society of New Hampshire, the

organization with which the United States had contracted to

clear, salt, and sand the walkways surrounding the building.  The

United States moves to dismiss the two counts pending against it

for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(b)(1).


                          **Standard of Review**

      "When faced with a motion to dismiss for lack of subject

matter jurisdiction, Rule 12(b)(1), Fed. R. Civ. P., the party

asserting jurisdiction has the burden to establish by competent proof that jurisdiction exists." Stone v. Dartmouth College, 682 F.Supp. 106, 107 (D.N.H. 1988) (citing O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982); C. Wright & A. Miller, 5 Federal Practice and Procedure § 1350, at 555 (1969 & Supp. 1987)). Furthermore, the court "may consider pleadings, affidavits, and other evidentiary materials without converting the motion to dismiss to a motion for summary judgment." Lex Computer & Management Corp. v. Eslinger & Pelton, P.C., 676 F. Supp. 399, 402 (D.N.H. 1987); see also Richmond, F & P R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), cert. denied, 503 U.S. 984 (1992); Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). But, the court "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, 945 F.2d at 768 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)).

2

In this case, the United States has attached affidavits and exhibits to its motion, and the court has considered them.

**Background**

On December 1, 1992, the United States General Services Administration ("GSA") and Easter Seals entered into a contract by which Easter Seals agreed to provide janitorial services for the building (the "contract"). The contract, which was in effect at the time of plaintiff's accident, specifically provides that Easter Seals shall:

> [f]urnish labor, material and equipment necessary to
> provide snow plowing, snow removal, and sanding
> services for all driveways, parking areas and walkways.

Exhibit 2E to the contract, at 1. The contract further states that Easter Seals shall "provide all management, supervision, labor, materials, supplies, and equipment (except as otherwise provided), and shall plan, schedule, coordinate and assure effective performance of all services described [in the contract]." Contract at §B.1. The GSA retained the right to inspect and test all services provided by Easter Seals to ensure that it fulfilled its contractual obligations. Contract at §§ E.1.C and E.2(c). However, the contract specifically prohibited

3

any government employees from directing or supervising any Easter Seals employees, whether directly or indirectly. Contract at §5A.

On Thursday, February 10, 1994, plaintiff parked her car behind the building. She then stepped out of her car and onto the sidewalk. The sidewalk had been shoveled clean of snow, but had not been sanded or salted. Water which was dripping from the roof of the building had accumulated on the sidewalk and had frozen into a patch of ice. When plaintiff stepped on the ice she slipped and fell. She suffered a tear to her right rotator cuff, a bruise to her right hip area, and abrasions to her hand.

On September 7, 1994, plaintiff filed a Claim for Damage, Injury, or Death (form SF-95) with the GSA, seeking $150,000.00 in compensation. Approximately two weeks later, the GSA notified plaintiff that her claim had been denied. Specifically, the GSA noted that the United States had contracted with Easter Seals to remove snow and ice from the walkways surrounding the building, and to salt and sand the same. The GSA concluded that because plaintiff's injuries were not the result of any negligence on the part of an employee of the United States, plaintiff could not recover from the United States under the Federal Tort Claims Act,

4

28 U.S.C. §§1346, 2671 et seq. (the "FTCA"). Moreover, the GSA noted that under the FTCA, the United States cannot be held liable for the negligence of its contractors, in this case Easter Seals. Plaintiff then filed this action in a timely fashion.

## Discussion

I. The Federal Tort Claims Act.

It is well settled that the United States, as sovereign, is immune from suit except as it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of the sovereign's immunity from suit, Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991), and grants district courts exclusive jurisdiction over:

> civil actions or claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b) (emphasis added). The limited waiver of sovereign immunity provided by the FTCA and the exceptions to that waiver must, however, be strictly construed in favor of the

5

United States.  <u>Akutowicz v. United States</u>, 859 F.2d 1122, 1125

(2d Cir. 1988).  In this case, there are two relevant limitations

on the government's waiver of immunity:  the discretionary

function exemption and the exemption from liability for the

negligence of government contractors.  Cases falling within the

reach of either of these exceptions must be dismissed for lack of

subject matter jurisdiction.  <u>See</u> <u>Attallah v. United States</u>, 955

F.2d 776, 783 (1st Cir. 1992).


    A.   <u>Contractors of the United States</u>.

    Under the FTCA, the government's liability, if any, for the

tortious conduct of its employees is governed by state law.

Determination of whether an individual is an employee of the

government is, however, a question of federal law.  <u>Brooks v. A.</u>

<u>R. & S. Enterprises, Inc.</u>, 622 F.2d 8, 10 (1st Cir. 1980).  The

FTCA provides that the phrase "employee of the government"

includes officers or employees of any federal agency.  28 U.S.C.

§2671.  However, the term "federal agency" does not include any

contractor with the United States.  <u>Id.</u>  Courts have interpreted

these provisions to bar imposition of liability upon the United

States for the negligent acts or omissions of a contractor,

provided the United States does not have the authority to control

the contractor's detailed, day-to-day operations. <u>United States v. Orleans</u>, 425 U.S. 807, 814-15 (1976); <u>Logue v. United States</u>, 412 U.S. 521, 528 (1973). And, more recently, the Court of Appeals for the First Circuit held that "[t]he right to inspect does not nullify the general rule that the government is not liable for torts of independent contractors." <u>Brooks v. A.R. & S. Enterprises, Inc</u>, 622 F.2d at 12. In reaching that conclusion, the court of appeals noted:

> The plaintiffs emphasize that a [government] officer was authorized to conduct daily inspections of [the contractor's] activities and to alter work assignments in accordance with the [government's] needs. The exclusive purposes of these inspections was to ensure that [the contractor] fulfilled its obligations under the contract. Courts applying the FTCA have consistently held that a government's right to inspect the work of a contractor and to stop work that does not conform to the terms of the contract does not constitute control over the contractor's employees.

<u>Id.</u> at 12. Plainly, therefore, the government must possess more than merely the right to inspect a contractor's work and ensure performance according to the contract, before such a contractor will be considered an "employee" of the government (for whose negligence it may be liable) under the FTCA.

B. <u>The Discretionary Function Exemption</u>.

7

The second exemption under the FTCA which is relevant to this proceeding is the so-called "discretionary function exemption." The FTCA specifically provides that the United States is not liable for:

> [a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. §2680(a). The discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." Irving v. United States, 909 F.2d 598, 600 (1st Cir. 1990) (citing United States v. S.A. Empresa de Viacai Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984)).

The Supreme Court fashioned a two-part test to be used in determining whether the discretionary function exception bars a particular suit against the United States. See United States v. Gaubert, 499 U.S. 315 (1991); Berkovitz v. United States, 486 U.S. 531 (1988). First, the exception applies only to acts or omissions that are discretionary in nature: acts that "`involv[e]

8

an element of judgment or choice.'" <u>Gaubert</u>, 499 U.S. at 322 (quoting <u>Berkovitz</u>, 486 U.S. at 536). Second, assuming the challenged conduct involves an element of judgment, the judgment must be of the kind that Congress intended to protect. <u>Gaubert</u>, 499 U.S. at 322-23.

Having briefly set forth the pertinent provisions of the FTCA applicable to this proceeding, the court turns next to a discussion of plaintiff's claims.

## II. Count I - Negligence.

Plaintiff concedes that the duties which the United States delegated to Easter Seals fall outside the scope of the FTCA and she acknowledges that the United States cannot be held liable for the negligence of Easter Seals' employees. Plaintiff's Memorandum in Opposition to Motion to Dismiss at 4. <u>See generally</u> <u>Hall v. United States Gen. Servs. Admin.</u>, 825 F.Supp. 427, 429-31 (D.N.H. 1993) (discussing in detail the independent contractor exemption under the FTCA). However, she asserts that although the United States delegated to Easter Seals the duty to remove snow and ice from the walkways, it did <u>not</u> delegate its responsibility to maintain the <u>building</u> in reasonable repair.

9

Accordingly, she claims that the United States, as owner of the building, had a "duty to stop the condition of the water dripping down from the building to form an ice patch, and [sic] act independent of the removal of the ice patch itself." Plaintiff's Opposition to Motion to Dismiss at ¶5.

Under New Hampshire law, a landowner has a duty to use reasonable care in the maintenance and operation of his or her property and to prevent foreseeable harm to third parties. Ouellette v. Blanchard, 116 N.H. 552, 557 (1976) ("[I]n New Hampshire owners and occupiers of land shall be governed by the test of reasonable care under all the circumstances in the maintenance and operation of their property."); Sargent v. Ross, 113 N.H. 388, 397 (1973) ("[L]andlords as other persons must exercise reasonable care not to subject others to an unreasonable risk of harm. A landlord must act as a reasonable person under all of the circumstances including the likelihood of injury to others, the probable seriousness of such injuries, and the burden of reducing or avoiding the risk.") (citations omitted).

In further support of her claim that the United States has a duty to maintain the building so that it does not create

10

artificial hazards on adjacent walkways, plaintiff draws upon the New Hampshire Supreme Court's opinion in Rutkauskas v. Hodgins, 120 N.H. 788 (1980), where the court held:

> A landowner has a duty to use reasonable care to prevent artificial conditions on his land from being unreasonably dangerous to users of an abutting sidewalk. Thus, a landlord may be liable when the negligent construction, design or maintenance of his building causes the icy condition on a public sidewalk. Absent such negligent construction, design or maintenance causing an artificial accumulation of ice or snow, however, a landlord has no obligation with respect to the condition of the public sidewalk.

Id. at 790 (citations omitted).

In response to the government's motion to dismiss, plaintiff urges the court to interpret her claims broadly and to infer that she has stated a viable cause of action against the United States for its negligence, rather than the alleged negligence of its contractor, Easter Seals. Specifically, plaintiff asks the court to view her claims against the United States as arising not from the negligent maintenance of the walkway (which was delegated to Easter Seals), but rather from the negligent maintenance of the building itself.

11

Plaintiff's complaint does not support that distinction, and fails to allege any negligence on the part of the United States with regard to the design, construction, or maintenance of the building. Instead, the complaint (and presumably the preceding administrative claim) merely alleges that the United States breached its duties as a landowner by allowing water to drip onto the sidewalk, which then froze into an ice patch. (Complaint, at ¶¶ 16-17). Under New Hampshire law, more is needed in order to state a viable claim against a landowner. "The mere existence of a building cannot give rise to liability on the part of the owner, even though the building may redirect precipitation and thereby cause an unnatural accumulation of snow or ice on the public sidewalk." Rutkauskas, 120 N.H. at 790. Plaintiff must allege that her injury proximately and foreseeably flowed from the negligent design, construction, or maintenance of the building.

Parenthetically, the court notes that even if plaintiff had properly articulated a claim against the government for the negligent design, construction, or maintenance of its building, that claim might also be barred by the FTCA's independent contractor exemption. Presumably, the government delegated (as

12

it normally does) the responsibility for design, construction, and perhaps even maintenance of the building to third parties. At this juncture, however, the court need not consider such issues because Count One of plaintiff's complaint, as drafted, is barred by the FTCA's independent contractor exemption and, therefore, must be dismissed.

III. Count II - Failure to Supervise.

In Count II of her complaint, plaintiff alleges not only that the United States is liable for the negligence of its agent, Easter Seals (which claim, as discussed above, is precluded by the independent contractor exemption), but also that the United States breached an independent and non-delegated duty to supervise Easter Seals' performance under the contract. Specifically, plaintiff alleges:

> As a result of General Services Administration failure to oversee, supervise and control its agent, Easter Seal Society of New Hampshire, the Plaintiff suffered severe emotional distress and physical injury, loss [sic] enjoyment of life, and medical expenses.

(Complaint, at ¶¶ and 20).

13

In response, the United States argues that plaintiff's "failure to supervise" claim is barred by the FTCA's discretionary function exemption. The United States points to the specific provisions of the contract which clearly state that it retained no supervisory authority over any employees of Easter Seals. Contract, section C1.5.A ("Government direction or supervision of Contractor's employees, directly or indirectly, shall not be exercised."). Additionally, the United States argues that the contract provides that the manner, timing, and extent to which United States inspected Easter Seals' work was entirely discretionary and intended solely as a means by which the United States might verify that it was getting the benefit of its bargain with Easter Seals. See generally, contract, section E.

Plaintiff takes issue with the United States' interpretation of the contract and its assertion that the right to inspect Easter Seals' work was discretionary. Specifically, she claims that "the duty to actually inspect (not supervise) the

14

performance of the contract . . . is non-discretionary."
Plaintiff's Memorandum, at 6.[1]

In support of that claim, plaintiff relies upon two provisions of the contract.  The first provides that:

> The responsibilities of the Contracting Officer's Representative include, but are not limited to: determining the adequacy of performance by the contractor in accordance with the terms and conditions of this contract; acting as the Government's representative in charge of work at the site; ensuring compliance with contract requirements insofar as the work is concerned; and advising the Contracting Officer of any factors which may cause delay in performance of the work.

Contract, at §E.1.B ("Inspection and Acceptance").  The second section of the contract upon which plaintiff relies provides:

> The Government has the right to inspect and test all services called for by the contract, to the extent practicable all times and places during the term of the contract.  The Government shall perform inspections and tests in a manner that will not unduly delay the work.

-----

[1] Although not central to its ruling, the court notes that in her complaint plaintiff did not make any distinction between the United States' alleged duty to "inspect" and it its alleged duty to "supervise."  In fact, nowhere in the complaint does plaintiff allege (as she does in her memorandum) that the United States breached a duty to "inspect."  See Complaint at ¶ 20 (alleging that the United States breached its duty to "oversee, supervise and control" its agent . . ..").

15

Contract, at §E.2(c) (restating the mandatory provisions of 48 C.F.R. §52.246-4, "Inspection of Services - Fixed-Price"). Based upon the foregoing provisions of the contract, plaintiff concludes that the "United States had a mandatory duty to inspect the snow removal services, to assure that the work performed was consistent with the requirements of the contract, and yet failed to ever inspect the walkways to assure compliance." Plaintiff's Memorandum, at 8.[2]

---

[2] The United States disputes plaintiff's claim that the walkways were never inspected. In support of its position, the United States submitted the affidavit of Joseph P. Forti, the GSA Maintenance Work Inspector responsible for reviewing the janitorial and mechanical maintenance contractors' work at the building. Mr. Forti states that he "did inspect the premises to ensure that the contractor was in compliance with the required snow and ice removal contract requirements in that time frame." Forti Declaration, at ¶11.

Nevertheless, even accepting plaintiff's allegations as true, and assuming that the United States negligently failed to review Easter Seals' performance under the contract, plaintiff's negligent supervision claim does not fall outside the scope of the discretionary function exemption. "If a discretionary function was involved, the fact that critical factors were not considered or that the decision was negligently made will not bring the challenged conduct outside of the exception." Ayer v. United States, 902 F.2d 1038, 1041 (1st Cir. 1990). See also 28 U.S.C. §2680(a) (expressly providing that the discretionary function applies "whether or not the discretion involved was abused.").

16

The language of the contract is indisputably permissive with regard to the United States' ability to inspect Easter Seals' performance.  The only mandatory language contained in the provisions cited by plaintiff are the requirements that the United States "ensure compliance with the contract requirements" and that it perform any inspections "in a manner that will not unduly delay the work."  Contrary to plaintiff's assertions, the cited provisions of the contract do not create any duty on the part of the United States to inspect its contractor's work.  And, to the extent that the United States reserved the right to inspect Easter Seals' performance under the contract, its exercise of that right was discretionary.  See generally Varig Airlines, 467 U.S. at 816-21 (FAA's system of compliance review of aircraft manufacturers' conformity with federal safety standards falls within discretionary function exemption.); Pond v. Majercik, No. 94-225, slip op. (D.N.H. September 29, 1995) (FAA's monitoring of air show and issuance of a certificate of waiver authorizing deviations from federal aviation regulations falls within discretionary function exemption.).

"For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged

17

actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime."  United States v. Gaubert, 499 U.S. 315, 324-25 (1991).  Here, neither the complaint nor plaintiff's Memorandum in Opposition to Motion to Dismiss allege that the United States was required to follow any mandatory procedures in the course of exercising its supervisory functions.  Having failed to identify such a mandatory procedure, plaintiff's claim that the United States had a duty (as distinguished from a discretionary right) to inspect the work performed by Easter Seals necessarily fails.

When presented with a similar legal argument, this court (Loughlin, J.) recently rejected a plaintiff's claims that the United States had a mandatory duty to inspect and supervise the work performed by one of its contractors.  Hall v. United States Gen. Servs. Admin., 825 F.Supp. 427 (D.N.H. 1993).  In Hall, the plaintiff allegedly sustained injuries when she tripped while exiting an elevator which had failed to align itself properly with the floor.  The plaintiff sued both the United States and the corporation with which it had contracted to maintain the elevators.  With regard to her claim against the United States, the plaintiff alleged that the United States had negligently

18

failed to supervise the contractor's delegated duty to repair and maintain the elevators.

The court disagreed and concluded that "the purpose behind these contract provisions for inspections was not supervisory but rather served an oversight function designed to ensure that the government was getting what it paid for under the contract." Hall, 825 F.Supp. at 430.  The court then held that:

> Plaintiffs' apparent reliance on the mandate that the "discretionary function" exception will not apply when a "federal statute, regulation or policy specifically prescribes a course of action for an employee to follow" is misplaced.  Quite simply, plaintiffs fail to show that there is any such limitation on the GSA's discretion.

Id. at 433 (citing Gaubert, supra, and Berkovitz, supra). Finding that the plaintiff had "failed to identify any mandatory directive which outlines the manner in which the United States was to conduct its actions in relation to its limited oversight function of [the contractor's] actions," Id., the court held that the United States' conduct fell within the scope of the FTCA's discretionary function exemption.

19

Here, as in <u>Hall</u>, plaintiff has simply failed to point to any provision of the contract, a statute, or federal regulation from which the court could reasonably infer that the United States or any of its employees had a non-discretionary duty to inspect and/or supervise Easter Seals' performance. Accordingly, the challenged conduct of the United States falls within the scope of the FTCA's discretionary function exemption and the court lacks subject matter jurisdiction over Count Two of the complaint as well.

## Conclusion

In light of the foregoing, Count One of the complaint, as drafted, is barred by the independent contractor exemption of the FTCA. The court finds that the two-part test articulated by the Supreme Court in <u>Gaubert</u>, <u>supra</u>, is satisfied and the discretionary function exemption of the FTCA bars Count Two of plaintiff's complaint against the United States.

Because plaintiff has failed to sustain her burden of demonstrating that this court has subject matter jurisdiction over Counts One and Two of her complaint, they must be dismissed.

The United States' Motion to Dismiss Counts One and Two of the Complaint (document no. 8) is, therefore, granted.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

December 7, 1995

cc:  James W. Craig, Esq.
     Gretchen Leah Witt, Esq.
     James C. Wheat, Esq.

21