Cecilia **HOSTETLER**, Plaintiff,

v.

**UNITED STATES of America, Defendant and Third– Party Plaintiff,**

v.

**Burdin Lift Co., Third– Party Defendant.**

No. Civ.A. 2:99cv2026.

United States District Court, E.D. Virginia, Norfolk Division.

April 18, 2000.

Lance A. Jackson, Huff, Poole & Mahoney, PC, Virginia Beach, VA, for plaintiff.

Lawrence R. Leonard, United States Attorney's Office, Norfolk, VA, for defendant and third party plaintiff.

## ORDER AND OPINION

FRIEDMAN, District Judge.

On December 7, 1999, plaintiff filed a Complaint in this matter under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq., for personal injuries occurring on or about February 20, 1999, on property owned and controlled by the Department of the Navy. On March 10, 2000, defendant and third-party plaintiff, United States of America, filed a Third–Party Complaint, naming Burdin Lift, Co. ("Burdin") as the third-party defendant. On March 13, 2000, the United States filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. A hearing was held on the Motion to Dismiss, or in the Alternative, for Summary Judgment on April 12, 2000, and the matter was taken under advisement. For the reasons stated below, the United States' Motion to Dismiss is **GRANTED.**

### Factual and Procedural Background

On February 20, 1999, plaintiff was a patient at the Portsmouth Naval Hospital ("PNH"). At approximately 10:30 p.m. that day, she was on elevator #7 in Building 215 of PNH when the elevator suddenly dropped two floors. Plaintiff alleges that the sudden drop caused her to be injured. Plaintiff alleges that the sudden drop of the elevator was caused by the negligence of the United States in the following particulars: 1) failure to maintain the elevator properly; 2) failure to inspect and/or test the elevator properly; 3) failure to remove the elevator from service; 4) failure to warn of a dangerous condition of the elevator; and 5) violation of various building codes. See Complaint, at ¶ 14. At the time of plaintiff's injury, the maintenance, repair, inspection, and testing of the elevators at PNH was the sole responsibility of Burdin, pursuant to the contract between the United States and Burdin. The contract required Burdin to "maintain the elevators in a continuously safe, reliable and satisfactory operating condition;" "ride all cars to detect and then repair any improper operation;" "perform all inspections, tests, maintenance and repairs" in accordance with applicable standards; ensure proper operation of all elevators; "record all inspections, tests, maintenance, and repairs performed;" and prepare certain reports of all repairs, inspections, and tests. See Contract No. N00187–94–D–9001, at § C.5 (contract between the United States and Burdin for maintenance and repair of elevators and PNH). Defendant furnished no equipment, material or services to Burdin, nor did it control or supervise Burdin's work.

Plaintiff alleges that according to James R. Harris, a corpsman at the hospital, the same elevator had dropped on Harris before. Additionally, plaintiff alleges that a nurse had been on the same elevator several days before when the elevator dropped suddenly and got stuck between two floors.

### Analysis

#### I. Standard of Review

In considering a Motion to Dismiss pursuant to Rule 12(b)(1), the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981). In considering

this Rule 12(b)(1) motion, the Court may properly consider facts outside the Complaint to determine whether the claim is within, or excepted from, FTCA coverage. *Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995). Additionally, dismissal for jurisdictional defects has no res judicata effect. *See id.* When the subject matter jurisdiction of the Court is challenged, the burden of proving that jurisdiction is proper is the plaintiff's. *See id.* In *Williams,* the Fourth Circuit recognized that the proper practice for purposes of considering exceptions to the FTCA is dismissal for want of jurisdiction under Rule 12(b)(1), as opposed to granting summary judgment under Rule 56(c). *See id.*

## II. The Federal Tort Claims Act

■ As sovereign, the United States "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (quoting *United States v. Testan,* 424 U.S. 392, 399 (1976)). The FTCA is a limited waiver of sovereign immunity by the United States, which grants District Courts exclusive jurisdiction over civil suits for damages:

> for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).[1]

■ Being a waiver of sovereign immunity, the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States. *See Radin v. United States,* 699 F.2d 681, 685 (4th Cir.1983).

■ Federal Courts, however, lack subject matter jurisdiction to review actions falling within any one of the exceptions to the FTCA. *See United States v. Orleans,* 425 U.S. 807, 813–14, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Thigpen v. United States,* 800 F.2d 393, 394 (4th Cir.1986) (stating that the FTCA, "like all waivers of sovereign immunity, must be strictly construed in favor of the sovereign") (citations omitted). The United States argues that this Court lacks subject matter jurisdiction over this suit because plaintiff's claims are barred by two exceptions to the FTCA: 1) the discretionary function exception; and 2) the independent contractor exception.

## III. The Discretionary Function Exception

■ The liability of the United States under the FTCA is limited by the discretionary function exception. This exception provides that the United States shall not be liable for: ·

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

■ The exception provides that agents and employees of the United States will not be held liable for their challenged conduct if performance of their duties necessarily involves making decisions that are grounded in public policy. *See Berkovitz v. United States,* 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988).

---

1. 28 U.S.C. § 2674 further provides that the United States "shall be liable, respecting tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

In *United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), the Supreme Court outlined a two-part test governing the application of § 2680(a). First, the Court must examine the challenged conduct to determine if it is discretionary, for the exception only applies to acts that are "discretionary in nature." *Id.* at 322, 111 S.Ct. 1267. Discretionary conduct involves "an element of judgment or choice." *Id.* The challenged conduct, however, will not be considered discretionary if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because "the employee has no rightful option but to adhere to the directive." *Id.*

The second element focuses on whether the discretionary conduct at issue involved is "of the kind that the discretionary function exception was designed to shield." *Id.* at 322–23, 111 S.Ct. 1267. The Court must examine the challenged conduct to determine whether the policy underlies the choice or judgment at issue, because the discretionary function is intended to insulate from liability such "governmental actions and decision based on considerations of public policy." *Berkovitz,* 486 U.S. at 537, 108 S.Ct. 1954. If the challenged conduct is of the nature Congress intended to shield from suit under the discretionary function, the Court lacks subject matter jurisdiction even if the suit is based on alleged negligence by government employees. *See United States v. Varig Airlines,* 467 U.S. 797, 820, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). Section 2680(a) precludes liability for a discretionary function whether or not the discretion involved is abused. *See Blakey v. U.S.S. Iowa,* 991 F.2d 148, 153 (4th Cir.1993). Therefore, if the Court determines that the conduct at issue is discretionary and policy-based, negligence is irrelevant.

When a statute, regulation, or agency guideline "allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert,* 499 U.S. at 324, 111 S.Ct. 1267. The burden is on the non-moving party to allege facts that would establish that the exception does not apply, and which "would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Id.* The Court's inquiry must focus on "the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 325, 111 S.Ct. 1267.

Pursuant to § C.5.a.1 of the contract between the United States and Burdin, Burdin was required to maintain the elevators in a continuously safe, reliable, and satisfactory operating condition. Such a delegation is a policy determination protected by the discretionary function exception. *See, e.g., Williams,* 50 F.3d at 310 ("The decision to hire an independent contractor to render services for the United States is precisely the type of decision that the exception is designed to shield from liability because it involves exercising judgment based on considerations of policy, and the award of contracts falls within the ambit of the discretionary function") Numerous courts have held that delegating safety responsibilities involved a policy determination and this decision is a discretionary function. *See, e.g., Varig Airlines,* 467 U.S. at 819–20, 104 S.Ct. 2755 ("when an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind"). The United States' decision to delegate the responsibility for maintenance and repair of the elevators to Burdin falls within the scope of the discretionary function exception of the FTCA.

*IV. Independent Contractor Exception*

The FTCA authorizes suits against the United States for injuries "caused by the negligent or wrongful act or omission of any *employee* of the Government while acting within the scope of his office or employment ..." 28 U.S.C.

§ 1346(b) (emphasis added). Section 2671 of the FTCA defines "Employee of the Government" to include "officers and employees of any federal agency." Independent contractors are excluded. *See Orleans,* 425 U.S. at 813, 96 S.Ct. 1971. The Supreme Court cases of *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973), and *Orleans* establish the principle that the United States will not be liable under the independent contractor exception of the FTCA by virtue of entering contracts and demanding compliance with federal standards, unless the United States actually supervises the "day-to-day operations" of the endeavor. *See, e.g., Kramer v. United States,* 843 F.Supp. 1066, 1069–72 (E.D.Va.1994) (holding the responsible party to be an independent contractor, not a federal agent or employee for purposes of the FTCA, even though the United States retained a significant role in implementing and supervising the activities leading to the plaintiff's injuries). Further, "[t]he right to inspect does not nullify the general rule that the government is not liable for torts of independent contractors." *Williams,* 50 F.3d at 307.

■ Determining whether the responsible party is an independent contractor or an agent or employee of the United States hinges on "the primary activity contracted for and not the peripheral, administrative acts relating to such activity." *Id.* The Fourth Circuit has also noted that writing "sufficient procedural safeguards" into a contract will not convert an independent contractor into an agent or employee of the United States. *Id.* In *Williams,* the Fourth Circuit held that the third-party defendant was an independent contractor, and therefore the United States was insulated from liability. In reaching this conclusion, the Fourth Circuit focused on the following: 1) the contract between the

United States and the third-party defendant is a comprehensive instrument providing that the third-party defendant was responsible for the maintenance of the premises; 2) ensuring maintenance was the primary activity for which the United States contracted with the third-party defendant; and 3) the third-party defendant was responsible for having an engineer on call twenty-four hours per day. *See id.*

In this case, plaintiff has alleged that the danger existed by virtue of the condition of the elevator. The United States, however, delegated to Burdin the responsibility for maintenance, inspection, testing, and safety of the elevators on a daily basis. Plaintiff has not alleged that the United States in any way controlled the actions of the contractor or supervised the day to day operations of Burdin, and plaintiff conceded during the hearing that Burdin is an independent contractor. Instead, plaintiff's claims appear to be premised on the proposition that the United States had an independent duty to maintain, inspect, and insure the safety of the elevators. This theory of liability is precluded, however, by the nature of the independent contractor exception to the FTCA.

■ Plaintiff's opposition to defendant's motion is based on the position that, because Navy employees were obligated to report "unsafe" or "hazardous" conditions, the Navy had an independent duty to plaintiff which was breached when they arguably failed to report the fact that an elevator in Building 215 at the PNH had previously dropped suddenly.[2] Plaintiff's argument is that such alleged failure to report a dangerous condition caused plaintiff's injury here. In response, the United States asserts the following: 1) there was no "joint control" of the elevators as the contract placed sole responsibility with

---

**2.** Additionally, during the hearing, plaintiff asserted that the United States retained joint control over the elevator since plaintiff's treating physician had granted plaintiff permission to leave her room, and this included permitting access to the elevators. The Court notes that not only was this theory of liability suggesting elements of medical malpractice not raised in the Complaint, but further, based on the facts before the Court, the element of causation is not sufficiently alleged.

Burdin; 2) the failure to report a prior incident does not establish sufficient causation; 3) the prior incident did not constitute a safety "hazard" as defined by Instruction 5102.1A.

The Court has already held that, based on the contract between the United States and Burdin, Burdin retained exclusive control over all matters with regard to the safety, maintenance, inspection, and operation of the elevators, and as such, there can be no joint liability in this case. This case is distinguishable in this respect from *Sexton v. United States*, 797 F.Supp. 1292 (E.D.N.C.1991), as relied on by the plaintiff. *See id.* at 1301 (holding that "the government did not dissociate itself from all matters of safety or disclaim all concerns in that regard. As a matter of policy, the government chose to retain responsibilities over matters of employee safety"). Further, the Fourth Circuit has stated that the "right to inspect" does not affect the independent contractor status or the application of the discretionary function exception. *See, e.g., Williams*, 50 F.3d at 307. In *Williams*, the Fourth Circuit held that an allegation that government employees had observed the hazardous condition on a prior occasion did not alter the result that the discretionary function exception barred the suit. *See id.* at 310.

Additionally, the decisions in *Talkington v. General Elevator, Inc.*, 967 F.Supp. 890 (N.D.W.Va.1997), *Kolovitz v. United States*, No. 93 C 3395, 1995 WL 32612 (N.D.Ill. Jan.26,1995), and *Hall v. United States*, 825 F.Supp. 427 (D.N.H.1993), are instructive, as the courts addressed very similar factual scenarios under the FTCA concerning injuries occurring on elevators in light of the exceptions to the FTCA for the independent contractor and for discretionary functions. The court in *Talkington* granted defendant's motion to dismiss, holding that the elevator company was an independent contractor and that the claims were barred by the discretionary function exception to the FTCA. *See Talkington*, 967 F.Supp. at 892–94. The court in *Kolovitz* granted defendant's motion to dismiss,

holding that the company the United States had contracted with to maintain the elevator floor surfaces was an independent contractor and that the claim was barred by the discretionary function exception to the FTCA. *See Kolovitz*, 1995 WL 32612, at *7–*9. The court in *Hall* granted defendant's motion for summary judgment, concluding that the elevator company that the United States contracted with for repair and maintenance was an independent contractor and that the decision to delegate responsibility for the maintenance and operation of the elevators fell within the discretionary function exception to the FTCA. *See Hall*, 825 F.Supp. at 430–34.

### Conclusion

For the reasons stated above, defendant's motion to dismiss is **GRANTED**, as Burdin is an independent contractor, and further, the decision to delegate the responsibility for maintenance of the elevators fell with the discretionary function exception of the FTCA. The United States is therefore immune from liability, and this case is **DISMISSED.**

The Clerk is **REQUESTED** to send copies of this Order and Opinion to counsel for the plaintiff, the Assistant United States Attorney, and to Burdin Lift Co., at 11189 110th Way N., Largo, Florida 33778.

It is so **ORDERED.**