Michael **HOCKMAN**, Plaintiff,

v.

**UNITED STATES of America,** Defendant and Third-party Plaintiff,

v.

**DAWSON BROTHERS AND ASSOCIATES, INC., et al.,** Third-party Defendants.

**Civ. A. No. 89–1466–GHR.**

United States District Court, District of Columbia.

July 2, 1990.

**6**

James N. Owens, Asst. U.S. Atty., Washington, D.C., for U.S.

William F. Mulroney, Ashcraft and Gerel, Landover, Md., for plaintiff.

Francis H. Foley, Alexandria, Va., Geoffrey S. Gavett, Rockville, Md., for third-party defendants.

ORDER

REVERCOMB, District Judge.

The plaintiff filed the instant complaint against the United States pursuant to the Federal Tort Claims Act after he fell down an airshaft in which he was working at the Federal Bureau of Investigation Headquarters. In Count I plaintiff contends that the United States breached its duty "to maintain adequate lighting in and around the airshaft, to ensure that there was adequate barrier protection around the airshaft worksite, and/or covering over the airshaft, and to inspect said airshaft for defects and safety hazards to protect employees." In Count II the plaintiff contends that the airshaft in which he fell was a "dangerous instrumentality" and that the defendant is "strictly liable in tort." This matter is before the Court pursuant to the defendant's motion to dismiss.

This Court rules that subject matter jurisdiction is lacking because the plaintiff is an employee of an independent contractor which is excluded from coverage under the Federal Tort Claims Act. Moreover, even assuming subject matter jurisdiction, this Court rules that the FTCA does not provide a cause of action for negligence where safety responsibility has been delegated and that the FTCA does not provide a cause of action for strict or absolute liability.

I. *Subject Matter Jurisdiction*

■ The defendant contends that the complaint must be dismissed in its entirety for lack of subject matter jurisdiction because the Federal Tort Claims Act does not waive immunity for negligent acts of contractors with the United States. 28 U.S.C. § 2671. The courts have interpreted "contractor" to mean:

"the 'contractor' exemption from the definition of 'Federal agency' in § 2671 ... adopt[s] the common-law distinction between the liability of an employer for the negligent acts of his own employees and his liability for the employees of a party with whom he contracts for a specified performance." [Citation omitted.] Relying on ... the modern common law as

reflected in the Restatement of Agency ... the Court concluded ... that "the distinction between the servant or agent relationship and that of independent contractor turn[s] on the absence of authority in the principal to control the physical conduct of the contractor in performance of the contract." [Citation omitted.] The law of the District ... adopts the Restatement's control-of-physical-conduct test to distinguish between employees and independent contractors.

*Cannon v. United States*, 645 F.2d 1128, 1133 (D.C.Cir.1981) (quoting *Logue v. United States*, 412 U.S. 521, 527, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973) (footnote omitted)).

In the instant case the plaintiff concedes in his complaint that he is not an employee of the United States but "with the Dawson Construction Company." The plaintiff's employer was a subcontractor of Science Application International Corporation ("SAIC") which in turn was under contract to the FBI to perform construction modifications at FBI Headquarters. As the declaration of FBI Special Agent James J. Jasinski provides:

At no time was Michael Hockman under the control, supervision or employ of any FBI or Government employee or manager. At no time was any SAIC or Dawson Brothers manager, supervisor or employer under the direct control or supervision of any FBI or Government employee regarding the day-to-day, detailed performance of the construction project. Specifically, the Dawson Brothers employee with direct supervisory authority over Michael Hockman was not under the control or supervision of an FBI or Government employee regarding the detailed performance of the work Michael Hockman was performing when he was injured on March 19, 1986.

Indeed, the contract between the FBI and SAIC, section 9 of which is attached as Exhibit B to the government's motion to dismiss, specifically provides that Dawson Brothers "will coordinate all subcontractor work ensuring compliance with construction plans (e.g. security, safety, energy, etc. ....), schedules, contracts and pertinent labor agreements." The contract further provides that "SAIC will maintain total responsibility for construction quality during this project. Individuals will be charged with the responsibility of safety, environment, energy and work quality." Finally, the contract provides that the construction administrator was responsible for overall quality control and that the construction administrator would be an SAIC employee. Accordingly, it is clear that "contractor" exemption applies and that the government is not liable under the FTCA.

■ The plaintiff contends that this Court cannot rely upon matters outside of the pleadings, namely, the Jasinski affidavit and the FBI/SAIC contract, to decide the contractor exemption issue in a motion to dismiss. However, as the plaintiff recognizes, Rule 12(b)(6) provides that, under these circumstances, the motion may be treated as one for summary judgment pursuant to FED.R.CIV.P. 56. Although the plaintiff was on notice that the defendant's motion to dismiss was in fact supported by matters outside of the pleadings and had opportunity to respond accordingly, the plaintiff declined to file an affidavit stating why discovery would be necessary to the disposition of the instant motion. As FED. R.CIV.P. 56(f) provides:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

In the instant case the plaintiff has failed to provide—by affidavit or otherwise—any reason why discovery is necessary for this Court to determine the contractor exemption issue. The need to apprise this Court of how discovery is necessary to a disposition of the defendant's motion is especially compelling in light of plaintiff's concession that he is an employee of Dawson and the fact that the contract between the defendant and SAIC expressly provides that

**8**

SAIC and Dawson are responsible for the performance of the construction. Accordingly, absent compliance with FED.R. CIV.P. 56(f), the plaintiff cannot contend that he needs a period of discovery to respond to the defendant's motion.

## II. *Negligence Claim*

■ The plaintiff bases Count I of his complaint on negligence in failing to erect and maintain adequate safety devices around the air shaft in which plaintiff fell. However, as the Request for Proposals applicable to the SAIC contract and the contract itself provide, both attached as exhibits to the defendant's motion, the duty to provide safety measures was specifically delegated to SAIC and Dawson. Accordingly, the government is not liable under the FTCA for acts or omissions of the contractors in providing and maintaining safety devices. *See Borquez v. United States*, 773 F.2d 1050, 1052 (9th Cir.1985); *Jennings v. United States*, 530 F.Supp. 40, 45 (D.D.C.1981).

## III. *Strict Liability Claim*

The plaintiff bases Count II of his complaint on a theory of strict liability and contends that the airshaft in which the plaintiff was injured was a "dangerous instrumentality owned and/or operated by the defendant...." The defendant does not rely upon any matters outside of the pleading in its motion to dismiss Count II and accordingly the plaintiff cannot contend that this motion should be treated as one for summary judgment pursuant to FED.R.CIV.P. 56. The plaintiff fails to oppose the defendant's contention that lawsuits against the government arising in strict or absolute liability are not actionable. Accordingly, this Court treats the defendant's motion to dismiss Count II as conceded by the plaintiff pursuant to Rule 108(b) of the Rules of the United States District Court for the District of Columbia (Jan. 1, 1990).

■ Even if this Court did not deem the issue conceded, the law is well-settled that the government cannot be held strictly or absolutely liable under the FTCA for ultrahazardous activity. *See Jennings v.*

*United States*, 530 F.Supp. 40, 45 (D.D.C. 1981). Moreover, even if the plaintiff could employ an "inherently dangerous activity" theory under the FTCA, the plaintiff still cannot demonstrate that building an airshaft in which he fell is an inherently dangerous activity. As the court in *Jennings* ruled in an analogous context: "If working on scaffolding and walkways were held to be an inherently dangerous activity, then all construction projects would be classified as inherently dangerous activities. Such a holding would expand the 'inherently dangerous activity' theory far beyond its proper scope." *Id.*

Accordingly, it hereby is

ORDERED that the defendant's motion to dismiss be, and the same hereby is, GRANTED; and it is further

ORDERED that the plaintiff's complaint be, and the same hereby is DISMISSED; and it is further

ORDERED that the defendant's third-party complaint be, and the same hereby is, DISMISSED as moot.