Dorothy COOPER, Plaintiff,

v.

UNITED STATES GOVERNMENT
AND GENERAL SERVICES AD-
MINISTRATION, Defendants.

No. Civ.A. 01–1672(JMF).

United States District Court,
District of Columbia.

Aug. 28, 2002.

Sandy Lee, College Park, MD, for plain-
tiff.

Vincent H. Cohen, Jr., U.S. Attorney's
Office, Washington, DC, for defendants.

**MEMORANDUM OPINION**

FACCIOLA, United States Magistrate
Judge.

This Federal Tort Claims Act ("FTCA")
matter has been referred to me for all

purposes under LCvR 73.1. For the reasons set forth below, I will grant defendant's motion for summary judgment.

## BACKGROUND

Plaintiff, Dorothy Cooper, brings this FTCA suit pursuant to 28 U.S.C.A. § 2672 (1994), *et seq.*, alleging that the Government Services Administration ("GSA") was negligent.

Plaintiff admits that there is no genuine issue of material fact as to the following:

1. Government Services, Inc. ("GSI"), a private contractor, entered into a contract with the United States to operate cafeterias, lunch counters, and vending equipment for the convenience and benefit of government employees in buildings under the jurisdiction of the GSA, a federal agency.

2. The Department of Labor, located at 3rd and C Streets, N.W., Washington, DC, is one of the buildings where GSI operates a cafeteria.

3. Plaintiff's injuries occurred in the course and scope of her employment with GSI at the Department of Labor.

4. Under the contract, GSA was obliged to provide what the contract called "original equipment required for satisfactory operation" to include stoves, ovens, and hot food holding equipment.

5. GSI was required by the contract to make all repairs, major and minor, to government owned equipment.

Plaintiff alleges that, on August 5, 1999, she was instructed by her supervisor to clean under the kitchen counters. She asserts that a cover on a transformer box was off on that date and that her hand hit wires in the transformer box and she received a severe electrical shock. Complaint for Negligence ("Compl."), ¶ 7.

She also alleges that on November 22, 1999, she was cleaning a warmer which she discovered later had a worn and exposed wire. Again, she sustained a severe electrical shock. *Id.,* ¶ 9.

She asserts that the defendants, the GSA and the United States, "failed to maintain the electrical appliances and let them run down to a state of disrepair and defectiveness to the extent, that the items in question, had become a hazard to Plaintiff and all in the vicinity." *Id.,* ¶ 10.

Plaintiff asserts as a separate count of negligence that defendants had a duty to maintain the kitchen equipment in the Department of Labor and "to warn Plaintiff of the defective and hazardous condition of the electrical equipment." *Id.,* ¶¶ 13–14.

Thus, plaintiff proceeds upon two theories of negligence, that the two federal defendants had a duty to maintain the electrical appliances that hurt her and that they had a duty to warn her of the equipments' defective condition.

## DISCUSSION

*Legal Standard*

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court must enter summary judgment if there is "no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

As to genuineness, Rules 56(c) and (e) require the non-movant to point to specific evidence that would permit a reasonable jury to return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. 2505; *Matsushita Elec. Indust Co. Ltd. v. Zenith Radio*

*Corp.* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Flemmings v. Howard Univ.,* 198 F.3d 857, 860 (D.C.Cir. 1999); *Anderson v. Zubieta,* 180 F.3d 329, 338 (D.C.Cir.1999). Furthermore, the court must draw all reasonable inferences in the non-movant's favor. *Flemmings v. Howard Univ.,* 198 F.3d at 860; *Anderson v. Zubieta,* 180 F.3d at 338.

*FTCA Liability*

Under the FTCA, the federal government is liable to the same extent as a private party for any "personal injury or death caused by the negligent or wrongful act or omission of any federal employee of the government who is acting within the scope of their employment …" 28 U.S.C.A. § 1346(b)(1); *See United States v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Cannon v. United States,* 645 F.2d 1128, 1133 (D.C.Cir.1981). The FTCA was never intended, and has not been construed by the Supreme Court, to reach outside this narrow waiver of immunity. *U.S. v. Orleans,* 425 U.S. at 813, 96 S.Ct. 1971.

██ The FTCA only waives immunity for the actions of federal government "employees." The Act defines government employees to include officers and employees of "any federal agency," but excludes "any contractor with the United States." 28 U.S.C.A. § 2671. Since the federal government can only be liable to this limited extent, it is critical to distinguish between a federal agency and an independent contractor. *See U.S. v. Orleans,* 425 U.S. at 814, 96 S.Ct. 1971 (*citing Dalehite v. United States,* 346 U.S. 15, 30–31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953)).

In *Logue v. United States,* 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973), the Supreme Court defined an independent contractor as "a person who contracts with another to do something for him but who is not controlled by the other nor

subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." *Id.* at 527, 93 S.Ct. 2215 (*citing* Restatement (Second) of Agency § 2 (1958)). Specifically, the Court ruled that whether the party is an independent contractor depends on the ability of the United States "to control the detailed physical performance of the contractor." *Id.* at 528, 93 S.Ct. 2215. In addition, the Court ruled that the important question in determining whether the party is an independent contractor is "not … that it must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the federal government." *U.S. v. Orleans,* 425 U.S. at 815, 96 S.Ct. 1971. *See also Logue v. U.S.,* 412 U.S. at 527, 93 S.Ct. 2215; *Cannon v. U.S.,* 645 F.2d at 1134; *Hockman v. U.S.,* 741 F.Supp. 5 (D.D.C. 1990). This same distinction is also the relevant standard in the District of Columbia. *Rose v. Silver,* 394 A.2d 1368 (D.C. 1978).

Thus, the fact that a contractor must adhere to federal regulations does not render it an agency of the United States. As the Supreme Court noted in *Orleans:*

> [T]he government (by contract) may fix specific and precise conditions to implement federal objectives. Although such regulations are aimed at assuring compliance with goals, the regulations do not convert the acts of entrepreneurs or of state governmental bodies into federal government acts.

*U.S. v. Orleans,* 425 U.S. at 815, 816, 96 S.Ct. 1971 (*citing Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).

██ In the case at bar, while the contract required GSA to provide "original equipment required for satisfactory operation" to include stoves, ovens and hot food

**4**

holding equipment, it required GSI to "[m]ake all repairs, minor and major, to government-owned equipment." Contract, ¶ III(11). Since the contract imposed the entire responsibility for maintenance of all government equipment upon GSI, without GSA reserving any right whatsoever to control how and when GSI made those repairs, GSI was unquestionably an independent contractor as to those repairs. When the United States delegates a responsibility to an independent contractor, it is not responsible in tort for the independent contractor's negligent performance of that responsibility. *Hockman v. United States*, 741 F.Supp. 5, 7 (D.D.C. 1990) (*citing Borquez v. United States*, 773 F.2d 1050, 1052 (9th Cir.1985)); *Jennings v. United States*, 530 F.Supp. 40 (D.D.C. 1981). *See Hall v. United States*, 825 F.Supp. 427 (D.N.H.1993); *Smith v. United States*, 674 F.Supp. 683, 686 (D.Minn. 1987). Indeed, any other rule would nullify the independent contractor exemption in the FTCA.

Plaintiff asserts, however, that, because GSA reserved the right to approve the replacement of equipment,[1] GSI was an agent,[2] not an independent contractor. *Plaintiff's Opposition to Defendants Motion to Dismiss* at 3–4. However, courts have allowed the government extensive flexibility in the amount of supervision it exerts over a contractor before it will deem that contractor an agent and its acts the acts of the United States. In fact, the

amount of control that GSA retained in this case was minimal, especially when compared to other cases where courts have found that the agent was an independent contractor despite the retention of supervision by the federal government. In *Jennings v. United States*, 530 F.Supp. 40 (D.D.C.1981), the court ruled that the government's retention of the ability to inspect the contractor's work is insufficient to shift contractor's status from an independent contractor to a servant or agent. *Id.* at 43 (*citing Logue v. U.S.*, 412 U.S. at 527, 93 S.Ct. 2215). In addition, the Tenth Circuit has ruled that "[t]he fact that the contract may have reserved to the United States the right to inspect the work and facilities of the independent contractor, and the right to stop the work, does not in itself override or alter the general rule of nonliability for the torts of the contractor." *United States v. Page*, 350 F.2d 28, 31 (10th Cir.1965). *See also Alexander v. United States*, 605 F.2d 828 (5th Cir.1979). In this case, GSA did not reserve the right to supervise GSI in the manner in which GSI repaired the government's equipment or to inspect the quality of the repairs. GSA merely reserved the right to approve the replacement of appliances that GSI deemed irreparable. This minimal reservation by GSA does not change the status of GSI from independent contractor to an employee or agent as to repairs GSI made or failed to make.

---

1. The contract provides:

   When Government-owned equipment has become useless, either through the consumption of its useful life, or by becoming obsolete, or replacement is deemed advisable as it no longer fulfills the need of the particular unit, GSA shall be notified, and, if its approval is obtained, GSI will then provide suitable replacement charging the cost of the new equipment to the Reserve for Purchase and Replacement of Government-owned Equipment.

   Contract, ¶ VIII C.

2. Note how, if plaintiff convinces the court that GSI is an agent of the federal defendants, she may be hoisted by her own petard. If she is an employee of an agent of the government, her lawsuit may well be barred by the Federal Employees' Compensation Act. *See* Lester S. Jayson & Robert C. Longstreth, *Handling Federal Tort Claims*, § 5.08 at 5–104 (2002).

Furthermore, plaintiff cannot possibly point to any evidence that would convince the finder of fact that GSA's grant or denial of permission under this term of the contract was the proximate cause of her injuries on either occasion.

Plaintiff then argues that GSA's responsibility under the contract to "maintain and repair ... [the] electrical lines, and existing ventilating and air conditioning lines all to the point of connection with the concession equipment ..." may serve as a predicate of its liability. Contract, ¶ V(4). But, once again, she cannot point to any evidence whatsoever that GSA's alleged failure to fulfill this responsibility was the proximate cause of her injuries.

■ Finally, in order to eliminate any possible theory of liability before granting summary judgment, I must note that the fact that the United States owns the premises upon which the accidents occurred is inconsequential. In the District of Columbia, a landowner must have actual or constructive notice of a dangerous condition before she may be held liable for failing to correct it. *Croce v. Hall,* 657 A.2d 307, 309 (D.C.1995). Plaintiff does not point to any evidence that the federal defendants had any advance notice of the allegedly dangerous conditions that ultimately injured her.

■ Furthermore, the general rule in the District of Columbia is that an employer is not liable for the physical harm caused by the acts or omissions of its independent contractor. *Wilson v. Good Humor Corp.,* 757 F.2d 1293, 1301 (D.C.Cir.1985). *See, e.g., WMATA v. L'Enfant Plaza Properties Inc.,* 448 A.2d 864, 868 (D.C.Cir.1982). This long-standing rule is riddled with exceptions specify-

ing certain conditions under which employers may be held vicariously liable for the torts of their contractors. *See id.* The exceptions fall into three broad categories: (1) negligence of the employer in selecting, instructing, or supervising the contractor, (2) non-delegable duties of the employer, arising out of some relation toward the public, and (3) work which is specially, peculiarly, or inherently dangerous. *See Restatement (Second) of Agency,* § 219 (1958). Assuming for the sake of the argument that these common law exceptions apply to the independent contractor exception to the FTCA,[3] none apply here. The rationale of these exceptions is that, when they apply, "the employer is in the best position to identify, minimize and administer the risks involved in the contractor's activities." *Wilson v. Good Humor Corp.,* 757 F.2d at 1301. Here, an injury sustained due to exposed wiring in the kitchen is a danger which the independent contractor, not the government, is in the best position to warn against. Certainly, a duty to warn must be coincident with the employer's potential liability and in this case there is no predicate for that liability whatsoever.

## CONCLUSION

For the reasons set forth, I shall grant defendant's motion for summary judgment. A separate order accompanies this opinion. Additionally, I am also entering final judgment for the defendants in accordance with Federal Rule of Civil Procedure 58.

## ORDER

In accordance with the accompanying Memorandum Opinion, it is, hereby,

---

**3.** *See Roditis v. United States,* 122 F.3d 108 (2nd Cir.1997) (common law exceptions to exemption from liability for acts of independent contractor of forum state do not apply to United States under FTCA).

**ORDERED** that *Defendant's Motion to Dismiss, Or Alternatively For Summary Judgment* [# 13] is **GRANTED.**

**SO ORDERED.**

### FINAL JUDGMENT

Defendant's *Motion to Dismiss, Or Alternatively for Summary Judgment* having been granted, it is therefore, hereby,

**ORDERED** that plaintiff take nothing, and that the action be dismissed on the merits, with each party to bear her or its own costs and fees.

**SO ORDERED.**